562 A.2d 437

**Barry E. WILLIAMS, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (MONTGOMERY WARD), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 15, 1989.

Decided Aug. 4, 1989.

Reargument Denied Oct. 13, 1989.

588

Thomas G. Parisi, O'Pake, Malsnee & Orwig, P.C., Reading, for petitioner.

David L. Pennington, Roger B. Wood, Harvey, Pennington, Herting & Renneisen, Ltd., Philadelphia, for respondent.

Before DOYLE and McGINLEY, JJ., and BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

Barry E. Williams (Claimant) petitions for review of the order of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's decision granting Montgomery Ward's (Employer) petition to terminate compensation benefits pursuant to The Workmen's Compensation Act [1] (Act). Issues presented for review pertain to whether the termination of Claimant's compensation benefits as of July 15, 1982 was supported by substantial competent evidence. We affirm.

[1]. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1-1031.

■ Claimant, a tractor-trailer driver, sustained a work-related back injury on October 28, 1981 when he slipped and fell while unloading a truck. Compensation benefits were paid pursuant to a Notice of Compensation Payable from December 8, 1981 until Employer ceased payments on July 15, 1982. Employer's termination petition followed on September 27, 1982 and was based upon a physician's affidavit of recovery dated September 13, 1982. Therein, Employer alleged that Claimant's disability had ceased as of July 15, 1982.[2]

■ After several hearings, including a special supersedeas hearing[3], the referee accepted as credible the testimony of Employer's expert witness, Dr. Manee Suwan, and granted Employer's termination petition on the ground that Claimant's work-related disability ceased as of July 15,

2. The automatic supersedeas provision of Section 413 of the Act, 77 P.S. § 774, then in effect entitled Employer to cease paying benefits as of July 15, 1982 pending the referee's disposition of Employer's termination petition. Section 413 provided in pertinent part that:

The filing of a petition to terminate ... a notice of compensation payable ... shall operate as a supersedeas, and shall suspend the payment of compensation ..., in whole or to such extent as the facts alleged in the petition would, if proved, require only when ... the petition alleges that the employe has fully recovered and is accompanied by an affidavit of a physician on a form prescribed by the department to that effect which is based upon an examination made within fifteen days of the filing of the petition....

3. The special supersedeas hearing was scheduled by the referee after the United States District Court for the Eastern District of Pennsylvania declared that the automatic supersedeas provision of Section 413 of the Act violated the Fourteenth Amendment due process rights of workmen's compensation claimants. Remedial measures included, *inter alia,* that special supersedeas hearings be conducted for claimants whose claims had not yet been finally adjudicated by a referee and whose benefits had automatically ceased when their employers filed petitions to terminate which alleged that the claimants had fully recovered and were accompanied by physicians' affidavits of recovery. *Baksalary v. Smith,* 579 F.Supp. 218 (E.D.Pa.1984) (unconstitutionality of Section 413 of the Act) and *Baksalary v. Smith,* 591 F.Supp. 1279 (E.D.Pa.1984) (remedial measures), *appeals dismissed sub nom. Allstate Insurance Co. v. Baksalary,* 469 U.S. 1146, 105 S.Ct. 890, 83 L.Ed.2d 906 (1985). Subsequent to this hearing, the referee issued a special supersedeas decision with interlocutory order granting Employer a supersedeas as of September 13, 1982.

1982. On appeal, the Board affirmed the referee's decision, whereupon Claimant petitioned this Court for review.[4]

 Claimant initially challenges whether Employer sustained its burden of proving that all of his work-related disability ceased as of July 15, 1982. Claimant contends that Dr. Suwan's testimony establishes that he had not fully recovered from his work-related disability until September 13, 1982. In support, Claimant asserts that Dr. Suwan implicitly admitted that he had not fully recovered from his work-related disability as of July 1982 since she continued to prescribe anti-inflammatory medication to him; and that Dr. Suwan's opinion regarding his ability to return to work in July 1982 was not rendered within a reasonable degree of medical certainty nor did she state whether he was fully recovered as of that time.

Dr. Suwan testified in relevant part on direct examination as follows:

A: I saw Mr. Williams, again, July 8, 1982.

Q: What were your findings at that time, Doctor?

A: The physical examination revealed lumbosacral motion is not restricted. Straight leg raising is negative. Deep tendon reflex are normal. Gait is unremarkable.

Q: At that time, Doctor, did you feel Mr. Williams needed additional physical therapy?

A: I recommended that physical therapy be discontinued and suggested that he take Motrin four times a day as needed when his back pain is increased.

---

**4.** This Court's scope of review is limited to determining whether necessary findings of fact were supported by substantial evidence, an error of law was committed, or constitutional rights were violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704; *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988). Moreover, where an employer seeks to terminate compensation benefits, as here, the burden of proving that all work-related disability has ceased is upon the employer. *Bigler v. Workmen's Compensation Appeal Board (Bristol Township)*, 96 Pa. Commonwealth Ct. 642, 508 A.2d 635 (1986), *petition for allowance of appeal denied*, 516 Pa. 619, 531 A.2d 1120 (1987).

Q: Did you anticipate seeing Mr. Williams after this date?

A: I stated: 'He will be discharged from our care.'

Q: Did you have an opinion at that time as to whether or not Mr. Williams could return to his occupation?

A: I stated he may return to regular work a week from today—from July 8.

. . . . .

Q: You next saw Mr. Williams on September 13, 1982; is that correct?

A: Yes.

. . . . .

Q: Doctor, ... do you have any opinion within a reasonable degree of medical certainty as to whether or not, as of September 13, 1982, Mr. Williams was fully recovered from his injury of October 1981?

A: In my opinion, when I examined him on September 13, '82, I feel he was fully recovered.

Dr. Suwan's April 27, 1983 Deposition, pp. 8–10, 12.

 This testimony establishes that Dr. Suwan did not instruct Claimant to regularly take the prescribed anti-inflammatory medication for his pain. Rather, she prescribed the medication on an "as needed" basis with Claimant as sole judge of his pain, if any, and its severity. Mere reluctance by a physician to discount a claimant's unconfirmed subjective complaints is not tantamount to an implicit admission that the claimant is not fully recovered from a work-related disability. Not every statement made by a physician need be expressed with absolute certainty and without reservation. *See Philadelphia College of Osteopathic Medicine v. Workmen's Compensation Appeal Board (Lucas)*, 77 Pa.Commonwealth Ct. 202, 465 A.2d 132 (1983).

Nor is Dr. Suwan's opinion that Claimant could return to regular work on July 15, 1982 rendered incompetent by her acknowledgment that Claimant may actually suffer pain inasmuch as her opinion was supported by her unequivocal

medical findings. *See McCarter v. Workmen's Compensation Appeal Board (Boeing Vertol Co.)*, 94 Pa.Commonwealth Ct. 261, 503 A.2d 990 (1986). Moreover, Dr. Suwan did not impose any restrictions upon Claimant's ability to return to work on July 15, 1982, and, in fact, discontinued his physical therapy and discharged him after the July 8, 1982 medical examination.

 Similarly, Dr. Suwan's omission of the phrases, "within a reasonable degree of medical certainty" and "fully recovered", in testifying as to her opinion of Claimant's condition on July 8, 1982 does not render her testimony incompetent, although such omissions could affect the weight of the testimony. Medical experts are not required to apply legal standards to the facts contained in their testimony. *See Bernardini v. Workmen's Compensation Appeal Board (Italian Marble Mosaic Co.)*, 97 Pa.Commonwealth Ct. 514, 510 A.2d 382 (1986). After providing a foundation, medical experts need only testify that they believe or think that the facts exist. *See Philadelphia College of Osteopathic Medicine.* A medical opinion unequivocally rendered is thus sufficient without resort to "magic words". *See Sheetz v. Workmen's Compensation Appeal Board (Firestone Tire & Rubber Co.)*, 104 Pa.Commonwealth Ct. 411, 522 A.2d 146 (1987).

Here, Dr. Suwan's opinion was clearly unequivocal as were her medical findings upon which it was founded. Moreover, Dr. Suwan's affidavit of recovery certified that Claimant had fully recovered from his October 1981 work-related injury and was able to resume, without limitation, his previous occupation of truck driver on July 15, 1982. Accordingly, the omissions in Dr. Suwan's testimony do not render her testimony incompetent nor the referee's determination unsupported by substantial competent evidence.

 Claimant's final challenge is based upon an alleged due process violation. Claimant argues that his due process rights were violated by Employer's unilateral cessation of compensation benefits on July 15, 1982, thus enti-

tling him to benefits from July 15, 1982 to August 22, 1984, the date of the referee's special supersedeas decision. Claimant alternatively argues that he should have received benefits from July 15, 1982 to September 13, 1982, the effective date of the referee's special supersedeas. Unfortunately, Claimant's failure to raise these issues on appeal to the Board effected a waiver of the right to do so on review to this Court. Pa.R.A.P. 1551; *Dehus v. Unemployment Compensation Board of Review*, 118 Pa.Commonwealth Ct. 344, 545 A.2d 434 (1988) (denial of due process is a waivable issue); *Gallick v. Workmen's Compensation Appeal Board (Department of Environmental Resources, Bureau of Human Resources Mgmt.)*, 108 Pa.Commonwealth Ct. 617, 530 A.2d 945 (1987).[5]

 Because the referee's decision is supported by substantial competent evidence and no error of law was committed, the order of the Board must be affirmed.[6]

**5.** We note, nonetheless, that Claimant would not have been entitled to compensation benefits from July 15, 1982 to August 22, 1984 since Employer's cessation of payments was justified under the automatic supersedeas provision of Section 413 of the Act which was then in effect. However, Claimant would have been entitled to compensation benefits from July 15, 1982 to September 13, 1982 on the basis of the referee's special supersedeas ruling, despite the referee's ultimate decision to terminate Claimant's benefits as of July 15, 1982. After the referee's final adjudication, Employer, as a self-insurer, would then have been compelled to seek reimbursement of the benefits paid to Claimant during this period from the Workmen's Compensation Supersedeas Fund. Section 443 of the Act, added by Section 3 of the Act of February 8, 1972, P.L. 25, *as amended,* 77 P.S. § 999. Had Employer been so compelled, it would have been unable to recoup its loss because reimbursement under Section 443 extends only from the filing date of the request for supersedeas and Employer's petition to terminate benefits was not filed until September 27, 1982. *Department of Labor and Industry v. Workmen's Compensation Appeal Board,* 34 Pa.Commonwealth Ct. 265, 383 A.2d 261 (1978).

**6.** Other arguments advanced by Claimant are without merit. Claimant suggests that the referee's reliance upon Dr. Suwan's testimony over that of his medical witness was prompted by bias since the referee had decided this case before all of the evidence was offered as indicated by his special supersedeas ruling. Determinations as to the weight and credibility of conflicting testimony are for the referee whose findings will not be disturbed on review where, as here, they are supported by substantial evidence. *Gabriel v. Workmen's Compensation Appeal Board (No. 1 Contracting Corp.),* 102 Pa.Commonwealth Ct. 470, 518 A.2d 895 (1986); *American Refrigerator Equipment Co. v.*

## ORDER

AND NOW, this 4th day of August, 1989, the order of the Workmen's Compensation Appeal Board is affirmed.

*Workmen's Compensation Appeal Board,* 31 Pa.Commonwealth Ct. 590, 377 A.2d 1007 (1977). Claimant also asserts that this Court should require referees to state their reasons on the record for disregarding a treating physician's opinion. It is fruitless to require referees to set forth such reasons where, as here, there is conflicting testimony. Once a referee selects one physician's testimony over that of another physician and his or her selection constitutes substantial competent evidence to support the conclusion reached, our limited scope of review prevents us from disturbing the referee's determination since resolution of conflicting testimony is for the referee. Moreover, although treating physicians may be preferred as witnesses in workmen's compensation cases, the fact that a medical witness was not the claimant's treating physician relates only to the weight, and not to the competency, of his or her testimony, which is, again, a determination for the referee. *See Workmen's Compensation Appeal Board v. Czepurnyj,* 20 Pa.Commonwealth Ct. 305, 340 A.2d 915 (1975).