586 A.2d 991

**Inez JOHNSON, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (ALBERT EINSTEIN MEDICAL CENTER), Respondents.**

Commonwealth Court of Pennsylvania.

Argued March 9, 1990.

Decided Jan. 9, 1991.

Reargument Denied Mar. 20, 1991.

Wilbur H. Seitzinger, Jr., with him, Larry Pitt, Philadelphia, for petitioner.

Audrey L. Jacobsen, Marshall, Dennehey, Warner, Coleman & Goggin, Philadelphia, for respondents.

Before COLINS and SMITH, JJ., and BARBIERI, Senior Judge.

SMITH, Judge.

Inez Johnson (Claimant) appeals from the Workmen's Compensation Appeal Board decision which affirmed the referee's decision reducing the liability of Albert Einstein Medical Center (Respondent) to pay that portion of Claimant's medical expenses which the referee determined was excessive, unreasonable, and unnecessary. Questions presented to this Court for review are whether the Board

erred in affirming that part of the referee's decision reducing the allowable medical expenses where the referee's decision was based upon Respondent's medical expert who did not physically examine Claimant; whether the Board erred in affirming the referee's decision where Respondent failed to file a review petition challenging the reasonableness or necessity of Claimant's medical expenses; and whether the Board erred in affirming the referee's decision where Respondent, after denial of supersedeas, unilaterally ceased payment of Claimant's medical bills in their entirety. The central issue of this appeal, however, concerns Respondent's unilateral cessation of payment for medical benefits.

Claimant was injured during the course of her employment on June 27, 1984 and sustained injury to her lower back. Pursuant to a notice of compensation payable, she received worker's compensation benefits of $184.55 per week. On December 6, 1984, Respondent filed a petition for suspension of benefits on the ground that Claimant had fully recovered from her injuries as of September 7, 1984, or, in the alternative, that work was available which Claimant was capable of performing. The referee, by order dated February 5, 1985, denied Respondent's request for supersedeas and thereafter, following hearings on Respondent's petition for suspension, entered an order dated September 1, 1987 denying Respondent's petition for suspension of benefits. The referee concluded that Respondent failed to sustain its burden of proving that Claimant recovered from her work-related injury or that appropriate work was available to Claimant and consequently concluded that total disability benefits were to continue for the duration of Claimant's disability. The referee further determined, with reference to the issue in dispute, that Respondent was liable only for those medical expenses which the referee found to be fair, reasonable and necessary in treating Claimant for her work-related injury in the total sum of $6,780.00. The referee found that Respondent would not be responsible for medical charges billed by Claimant's physician Dr. John Bowden in excess of $2,455.00. Dr. Bowden submitted

medical bills in the amount of $13,490.00 representing treatment of Claimant from September, 1984 up to and including the referee's decision which is dated September 3, 1987, or a period of approximately three years. An additional charge of $650.00 was rejected by the referee who found that this fee was for a Thermogram test which Respondent's medical expert testified was unnecessary for the treatment of Claimant. The referee further excluded charges owed to Physical Therapy Associates in excess of $3500.00.

Respondent did not dispute the fact that after the referee denied its request for supersedeas by order dated February 5, 1985, Respondent unilaterally ceased payment of Claimant's continuing medical bills which were submitted to Respondent by Claimant's physician. An employer may challenge the necessity of continuing medical treatment by filing a petition for review which is governed by Section 306(f)(2)(ii) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 531(2)(ii), which provides as follows:

(ii) The employer shall have the right to petition the department for review of the necessity or frequency of treatment or reasonableness of fees for services provided by a physician or other duly licensed practitioner of the healing arts. Such a petition shall in no event act as a supersedeas, and during the pendency of any such petition the employer shall pay all medical bills.

Thus, the Act requires that an employer shall continue payment of a claimant's medical expenses during the pendency of any petition for review of the necessity of such medical expenses and does not allow the employer's petition for review to act as an automatic or discretionary supersedeas. *See Fuhrman v. Workmen's Compensation Board (Clemens Supermarket)*, 100 Pa.Commonwealth Ct. 577, 515 A.2d 331 (1986), *appeal dismissed*, 518 Pa. 59, 540 A.2d 267 (1988); *Deremer v. Workmen's Compensation Appeal Board*, 61 Pa.Commonwealth Ct. 415, 433 A.2d 926 (1981).

■ Respondent's failure to adhere to the requirements of Section 306(f)(2)(ii) by failing to file a petition for review of the reasonableness or necessity of Claimant's medical expenses and its unilateral refusal to pay those expenses, despite Claimant's submission of medical reports, is a clear violation of the Act. *Glinka v. Workmen's Compensation Appeal Board (Sears, Roebuck & Co.)*, 104 Pa.Commonwealth Ct. 175, 521 A.2d 503, *appeal denied*, 516 Pa. 644, 533 A.2d 714 (1987). An employer "may not refuse to pay medical bills which are supported by appropriate reports from physicians on the grounds that the expenses are unreasonable or unnecessary, before petitioning the Workmen's Compensation Bureau for a review of such expenses." *Fuhrman*, 100 Pa.Commonwealth Ct. at 585, 515 A.2d at 335. Notwithstanding the Act's requirement of continued payments, the Board determined that since the referee found that certain of the medical expenses submitted to Respondent were unreasonable, Respondent should not be forced to pay them.[1] This was an error of law.

Even if Respondent complied with the Act by submitting a petition to review Claimant's medical expenses, Respondent would have been entitled to prospective relief only and not reimbursement or credit for medical expenses paid. *See Boehm v. Workmen's Compensation Appeal Board (United Parcel Services)*, 133 Pa.Commonwealth Ct. 455, 576 A.2d 1163 (1990) (pursuant to Section 306(f) of the Act, the

1. The Board noted, however, that when an employer ceases to pay medical bills on the independent determination that they are unreasonable, the employer necessarily takes a gamble. If the medical bills are later found by the Board to have been reasonable, the employer is exposed to the imposition of penalties. If the medical bills are found to be unreasonable, then, the Board contends, there would be no amount against which a penalty could be imposed. In this case, however, the referee found that some of the medical bills which Respondent refused to pay were reasonable and some of them were unreasonable, which, under the Board's scheme, would expose Respondent to penalties based upon those bills found to be reasonable. It is clear, however, that allowing an employer to unilaterally refuse payment of medical bills, on the chance that the Board will later find those bills unreasonable or unnecessary, is a violation of both the letter and spirit of the Act.

referee cannot retroactively authorize an employer to cease paying medical charges but can only determine that future medical bills need not be compensated). *But see Glinka.* The fact that an employer must pay all medical bills pending its petition for review of the necessity for those bills, and that such petition cannot act as an automatic or discretionary supersedeas, compels this interpretation of the Act. Consequently, employers will no doubt be prompted to question the necessity of medical expenses as soon as possible. Claimants, on the other hand, will be protected from the potentially devastating economic consequences stemming from determinations which find medical services already rendered to be unreasonable or unnecessary. Further, and more to the point in this case, claimants will be protected from the potentially devastating economic *or medical* consequences stemming from an employer's unilateral cessation of payment of medical bills in violation of the Act.[2]

Accordingly, the Board committed an error of law by affirming the referee's retroactive release of Respondent for paying certain medical bills of Claimant and for not reinstating those medical claims in consequence of Respondent's violation of the Act. *See M.A. Bruder & Son, Inc. v. Workmen's Compensation Appeal Board (Harvey)*, 86 Pa. Commonwealth Ct. 353, 485 A.2d 93 (1984), where the Board properly reinstated worker's compensation benefits retroactively to the date employer unilaterally suspended those benefits in violation of the Act. Therefore, that portion of the Board's order which affirmed the referee's denial of payment for Claimant's medical expenses incurred prior to the referee's decision on the grounds that they are unreasonable or unnecessary is hereby reversed, and Respondent is directed to pay all of said medical expenses.[3]

2. In this case, Respondent chose to unilaterally cease payment for Claimant's medical expenses rather than attempt to recoup any payments for unreasonable or unnecessary payments within the framework of the Act.

3. Because of the disposition herein, this Court need not address Claimant's argument that the Board erred by affirming the referee's

182

## ORDER

AND NOW, this 9th day of January, 1991, the order of the Workmen's Compensation Appeal Board, dated May 16, 1989, is reversed to the extent that it affirms the referee's denial of payment for medical expenses incurred on the grounds that they are unreasonable or unnecessary. Albert Einstein Medical Center is directed to pay all of said medical expenses incurred by Inez Johnson prior to the date of the referee's decision of August 10, 1987. In all other respects, the order of the Workmen's Compensation Appeal Board is affirmed.

determination of the reasonableness of Claimant's medical bills based solely upon the testimony of a medical expert who never physically examined Claimant.