587 A.2d 34

**Theodore A. BROWN, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (BOROUGH OF NEW EAGLE), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 16, 1990.

Decided Feb. 12, 1991.

576

William W. Schrimpf, Sr., Melenyzer & Tershel, Charleroi, for petitioner.

Daniel R. Gigler, Robb, Leonard & Mulvihill, Pittsburgh, for respondent.

Before PALLADINO and SMITH, JJ., and BARBIERI, Senior Judge.

SMITH, Judge.

Theodore A. Brown (Claimant) seeks review of the order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision granting the review petition of the Borough of New Eagle (Employer) filed under Section 413 of The Pennsylvania Workmen's Compensation Act (Act).[1] The Board's order is reversed in part and

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 772, which provides in pertinent part:

   A referee designated by the department may, at any time, modify, reinstate, suspend, or terminate a notice of compensation payable, an original or supplemental agreement or an award of the department or its referee, upon petition filed by either party with the department, upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally

affirmed in part.[2]

On November 19, 1983, Claimant sustained injuries in an automobile accident while serving as a police officer for Employer. Claimant returned to work on November 29, 1983 without loss of earning power and executed a final receipt on December 14, 1983. Claimant continued, however, to incur medical expenses for physical therapy treatments.

On January 7, 1987, Employer filed a petition requesting a review of the need for Claimant's continuing physical therapy and relief from further liability for Claimant's medical expenses. After two hearings and the submission of medical depositions and reports, the referee found that Claimant's ongoing physical therapy was unnecessary and unreasonable as of January 11, 1985 and concluded that Employer is not responsible for any of Claimant's medical expenses occurring on or after that date. The Board affirmed.

In his petition for review to this Court, Claimant raises the following issues: (1) whether the referee improperly directed a retroactive termination of medical benefits, and (2) whether the referee's Findings of Fact No. 5 was supported by substantial evidence. Review by this Court, where, as here, both parties presented evidence, is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether the claimant's constitutional rights were violated. *Williams v. Workmen's Compensation Appeal Board (Montgomery Ward)*, 127 Pa.Commonwealth Ct. 587, 562 A.2d 437 (1989).

Claimant first argues that since Employer only requested review of and relief from future medical expenses, it was error to grant relief from medical expenses which were

ceased.... Such modification, reinstatement, suspension, or termination shall be made as of the date upon which it is shown that the disability of the injured employe has increased, decreased, recurred, or has temporarily or finally ceased....

2. This opinion was reassigned to its author on August 21, 1990.

already incurred. Claimant cites *Thomas v. Workmen's Compensation Appeal Board (Winzek Catering Service)*, 104 Pa.Commonwealth Ct. 361, 522 A.2d 115 (1987), *vacated*, 518 Pa. 554, 544 A.2d 958 (1988), and *White v. Workmen's Compensation Appeal Board (Gateway Coal Co.)*, 103 Pa.Commonwealth Ct. 397, 520 A.2d 555 (1987), as standing for the proposition that the Board may not *sua sponte* decide matters not raised by the parties. Employer replies that its request for relief was not so limited and that its prayer for relief encompassed the relief provided. The proper disposition of this issue, however, rests not on a resolution of these arguments but with the provisions of the Act itself.

Employer's review petition was filed under Section 413 of the Act, which entitles a referee to alter an agreement or award of compensation payable upon a change of relevant circumstances. Employer's review petition, however, challenged not compensation payable but the necessity or propriety of future medical expenses. This form of relief is specifically addressed in Section 306(f)(2)(ii) of the Act, 77 P.S. § 531(2)(ii), which provides in relevant part:

> (ii) The employer shall have the right to petition the department for review of the necessity or frequency of treatment or reasonableness of fees for service provided by a physician or other duly licensed practitioner of the healing arts. Such a petition shall in no event act as a supersedeas, and during the pendency of any such petition the employer shall pay all medical bills....

It should be noted that an employer's responsibility to provide payment for medical services under Section 306(f) of the Act, 77 P.S. § 531, applies whether or not a loss of earning power accompanies a claimant's injuries. 77 P.S. § 531(4). Further, execution of a final receipt does not in and of itself preclude a claimant from receiving reimbursement of medical expenses under this section. *Fuhrman v. Workmen's Compensation Appeal Board (Clemens Supermarket)*, 100 Pa.Commonwealth Ct. 577, 515 A.2d 331 (1986), *appeal dismissed*, 518 Pa. 59, 540 A.2d 267

(1988). Of more direct significance to the issue raised by Claimant, however, is this Court's determination that the relief afforded by Section 306(f)(2)(ii) is prospective only; that is, a referee may not retroactively authorize an employer to cease paying medical charges, but can only decide that future medical bills need not be compensated. *Johnson v. Workmen's Compensation Appeal Board (Albert Einstein Medical Center)*, 137 Pa.Commonwealth Ct. 176, 586 A.2d 991 (1991); *Boehm v. Workmen's Compensation Appeal Board (United Parcel Services)*, 133 Pa.Commonwealth Ct. 455, 576 A.2d 1163 (1990). As stated in *Johnson*, a claimant is thus protected under Section 306(f)(2)(ii) from the potentially devastating economic consequences stemming from determinations which find, as here, medical services already rendered to be unreasonable or unnecessary.

Pursuant to *Johnson* and *Boehm*, therefore, the Board committed an error of law by affirming the referee's retroactive termination of Claimant's medical benefits. Medical benefits may be terminated under Section 306(f)(2)(ii) only as of the date of the referee's determination that future benefits are unnecessary or unreasonable. *Johnson.* Accordingly, the Board's order must be reversed with regard to medical benefits pre-dating the referee's decision of April 21, 1988.

Claimant also contends that the Board's entire order must be reversed because a portion of the referee's Findings of Fact No. 5 is not supported by substantial evidence. Findings of Fact No. 5 states in full:

5. On December 28, 1983 claimant sought treatment from Dr. Golomb for pain in his right shoulder and neck which claimant attributed to the November 19, 1983 accident. After an examination during which Dr. Golomb found no objective manifestation of injury, the doctor placed the claimant in physical therapy at Monongahela Valley Hospital. Said therapy continues to the present and entails hot packs, massage and passive and active motion. Claimant continued to treat with Dr. Golomb for the same complaints, specifically shoulder and neck pain,

until March 9, 1984 when he began to complain of weakness in his right hand. Claimant was subsequently evaluated by Dr. John G. Talbott, M.D. for his pain. The result of said evaluation was a conclusion that the pain claimant was suffering from was not supported by any anatomical change in the claimant. Both Dr. Golomb and Dr. Talbott recommended that claimant continue his therapy at Monongahela Valley Hospital.

Claimant takes specific exception to that portion of this finding wherein the referee states that "[t]he result of [Dr. Talbott's] evaluation was a conclusion that the pain claimant was suffering from was not supported by any anatomical change in the claimant," and asserts that the referee misstated Dr. Talbott's position as demonstrated by various medical reports submitted into evidence. This misstatement, according to Claimant, is prejudicial and therefore reversible error since it could have affected the referee's credibility determinations as well as the resolution of the ultimate issue of the necessity of further physical therapy.

The basis for the referee's finding, however, is found in the testimony of Dr. Golomb on cross-examination:

Q. And Dr. Talbott also told you that [Claimant] was evaluated by multiple neurologically oriented physicians, and it was the general consensus that a large portion of his symptomatology was non-organic. Do you recall that?

A. Yes.

Q. What does non-organic mean?

A. That they could not find any anatomical change to explain it.

Deposition of Dr. Golomb, p. 33. The record therefore demonstrates that substantial evidence supports the referee's finding to the extent that a "large portion" of Claimant's medical complaints are not supported by anatomical changes.

■ To the extent, however, that the referee misrepresented Dr. Talbott's position, if at all, this Court finds no basis to reverse the Board's order. This Court's scope of

review involves only "necessary" findings of fact. *Williams.* The referee's ultimate finding of fact, upon which the Board's order is based, is that Claimant's continued physical therapy is unnecessary and unreasonable. *See* Findings of Fact No. 7. This finding is fully supported by the opinion of Employer's expert witness, Dr. Temeles, who, after two examinations of Claimant, determined that Claimant was not in need of any further medical attention as a result of the work-related injury. Findings of Fact No. 6; Deposition of Dr. Temeles, pp. 5, 19, 23–28, 33; October 10, 1984 Medical Report of Dr. Temeles. Accordingly, substantial evidence exists to support the referee's ultimate finding concerning the reasonableness or necessity of Claimant's further medical treatment, regardless of Dr. Talbott's position.

For the foregoing reasons, the Board's order is reversed to the extent that it upheld the referee's retroactive termination of Claimant's medical benefits but is affirmed in all other respects.

## ORDER

AND NOW, this 12th day of February, 1991, the order of the Workmen's Compensation Appeal Board dated July 26, 1989 is reversed in part and affirmed in part for the reasons specified in the foregoing opinion. The Borough of New Eagle is directed to pay any and all medical expenses incurred by Theodore A. Brown prior to April 21, 1988.