601 A.2d 491

**Kerry L. LOOSE, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (JOHN H. SMITH ARCO STATION), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 12, 1991.

Decided Dec. 31, 1991.

---

Harvey S. Miller, for petitioner.

Michael W. Davis, for respondent.

Before SMITH and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Kerry L. Loose (Loose) petitions for review of an order from the Workmen's Compensation Appeal Board (Board) which affirmed the decision and order of the referee and dismissed his appeal.

On April 15, 1986, Loose suffered a work-related back injury while employed as a mechanic for John H. Smith Arco Station (Employer). A notice of compensation payable was filed on December 8, 1986. On January 19, 1987, Loose and the Employer entered into total and partial disability

compensation agreements. On December 22, 1988, the Employer filed a termination petition alleging that Loose was no longer disabled from any work-related injury and his compensation should cease accordingly. Loose filed a petition for penalties on April 10, 1989 alleging that the Employer or its insurance carrier had unilaterally refused to pay reasonable and necessary medical expenses provided by the Community Hospital of Lancaster (hospital) as required by Section 306(f)(2)(ii) of The Pennsylvania Workmen's Compensation Act[1] (Act), 77 P.S. § 531(2)(ii). The Employer filed a timely answer. The two petitions were consolidated and the matter was heard before the referee on February 22, 1989 and May 23, 1989.

By order dated October 17, 1989, the referee 1) granted the Employer's petition and terminated Loose's compensation effective August 2, 1988; 2) directed the Employer to pay Loose's medical expenses for the hospital admission of April 18, 1988 through April 24, 1988; and 3) dismissed Loose's petition for penalties. The Board, finding the referee's decision to be supported by substantial evidence, dismissed Loose's appeal.

■ In his petition for review to this Court, Loose does not challenge the Board's affirmance of the referee's decision to terminate his compensation. Loose only raises the following issues for our review: 1) whether the Board committed an error of law by upholding the referee's decision to allow the Employer's insurance carrier to unilaterally and retroactively terminate its obligation to pay reasonable and necessary medical bills; and 2) whether the Board erred in upholding the referee's dismissal of the penalty petition. For the reasons hereinafter stated, the order of the Board is reversed.[2]

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1031.

2. This Court's scope of review in worker's compensation matters where, as here, both parties have submitted evidence is limited to determining whether necessary findings of fact are supported by substantial evidence, an error or law has been committed, or the claimant's constitutional rights were violated. *Williams v. Workmen's*

Dr. George Kent (Dr. Kent) testified that Loose suffered from osteogenesis imperfecta, a congenital condition commonly known as brittle bones. Dr. Kent also testified that Loose was hospitalized for ten weeks from April 18, 1988 through June 24, 1988 as a result of his work-related back injury. Dr. Robert C. Steinman (Dr. Steinman) testified, by way of deposition, that he examined Loose on August 2, 1988 and by that time Loose had recovered from any effects of his August 15, 1986 accident at work. Dr. Steinman also testified that Loose's ongoing medical problems relate to his pre-existing congenital condition. Loose testified that the Employer or its insurance carrier failed to pay his medical expenses for the ten week hospital admission. Dr. Steinman further testified that the hospitalization in question was not necessary or reasonable for treatment of Loose's work-related injury except for the first week in the hospital.

The referee found that the admission of April 25, 1988 through June 24, 1988 was not necessary nor reasonable and thus concluded that the Employer was only obligated to make payment of the medical expenses from April 18, 1988 through April 24, 1988, the first week of the stay. Loose asserts that the Employer never sought review of the medical bills and argues that the Board and the referee erred in refusing to order payment of all of the medical expenses for the entire hospital admission. Loose essentially argues that the Board committed an error of law by affirming the referee's retroactive termination of his medical benefits. The Board determined that since the referee found that certain medical expenses submitted by Loose were unreasonable, the Employer should not be forced to pay them. We disagree.

 An employer may challenge the necessity of continuing medical expenses by filing a petition for review pursuant to Section 306(f)(2)(ii) of the Act, which provides as follows:

*Compensation Appeal Board (Montgomery Ward)*, 127 Pa.Commonwealth Ct. 587, 562 A.2d 437 (1989).

(ii) The employer shall have the right to petition the department for review of the necessity or frequency of treatment or reasonableness of fees for services provided by a physician or other duly licensed practitioner of the healing arts. Such a petition shall in no event act as a supersedeas, and during the pendency of any such petition the employer shall pay all medical bills. 77 P.S. § 531(2)(ii).

Thus, the Act requires that an employer shall continue payment of a claimant's medical expenses during the pendency of any petition for review of the necessity of such medical expenses and does not allow the employer's petition for review to act as an automatic or discretionary supersedeas. *See Fuhrman v. Workmen's Compensation Appeal Board (Clemens Supermarket)*, 100 Pa.Commonwealth Ct. 577, 515 A.2d 331 (1986), *appeal dismissed*, 518 Pa. 59, 540 A.2d 267 (1988).

█ The Employer does not dispute the fact that it unilaterally ceased payment of the medical expenses in question. The Employer's failure to adhere to the requirements of Section 306(f)(2)(ii) by failing to file a petition for review of the reasonableness or necessity of Loose's medical expenses and its unilateral refusal to pay those expenses is a clear violation of the Act. *Moats v. Workmen's Compensation Appeal Board (Emerald Mines Corporation)*, 138 Pa.Commonwealth Ct. 449, 588 A.2d 116 (1991); *Brown v. Workmen's Compensation Appeal Board (Borough of New Eagle)*, 137 Pa.Commonwealth Ct. 575, 587 A.2d 34 (1991); *Johnson v. Workmen's Compensation Appeal Board (Albert Einstein Medical Center)*, 137 Pa.Commonwealth Ct. 176, 586 A.2d 991 (1991).

█ This Court has determined that the relief afforded by Section 306(f)(2)(ii) is prospective only; that is, a referee may not retroactively authorize an employer to cease paying medical expenses, but can only decide that future medical bills need not be compensated. *Johnson*, 137 Pa.Commonwealth Ct. at 180–181, 586 A.2d at 993; *Boehm v. Workmen's Compensation Appeal Board (United Parcel*

*Services)*, 133 Pa.Commonwealth Ct. 455, 576 A.2d 1163 (1990). Thus even if the Employer had complied with the Act by submitting a petition to review Loose's medical expenses, the Employer would have been entitled to prospective relief only and was not entitled to cease paying medical expenses already incurred. *Id.*

■ Pursuant to *Johnson* and *Boehm,* the Board committed an error of law by affirming the referee's retroactive termination of Loose's medical benefits. *See Brown,* 137 Pa.Commonwealth Ct. at 579, 587 A.2d at 36. Medical benefits may be terminated under Section 306(f)(2)(ii) only as of the date of the referee's determination that future benefits are unnecessary and unreasonable. *Id.* Accordingly, the Board's order will be reversed with regard to medical expenses pre-dating the referee's decision of October 27, 1989; that part of the Board's order which affirmed the referee's denial of payment of Loose's medical expenses beyond April 24, 1988 will be reversed and the Employer will be directed to pay all said medical expenses.

■ Loose also contends that the Board erred in upholding the referee's dismissal of the penalty petition. The referee declined to assess penalties against the Employer for its failure to pay the medical expenses incurred prior to the granting of the termination petition. Loose argues that the Employer's failure to pay his medical expenses constituted a violation of the Act warranting the imposition of penalties, pursuant to Section 435 of the Act, 77 P.S. § 991.

Section 435 of the Act provides as follows:

(d) The department, the board, or any court which may hear any proceedings brought under this act shall have the power to impose penalties as provided herein for *violations of the provisions of this act* or such rules and regulations or rules of procedure:

(i) Employers and insurers may be penalized a sum not exceeding ten per centum of the amount awarded and interest accrued and payable: Provided, however, That such penalty may be increased to twenty per centum in

cases of *unreasonable or excessive delays.* Such penalty shall be payable to the same persons to whom the compensation is payable. 77 P.S. § 991(d)(i) (emphasis added).

This Court has held that an employer's unjustified, unilateral withholding of benefits in violation of the Act triggers the penalty provision at Section 435. *Moody v. Workmen's Compensation Appeal Board (Philadelphia Inquirer),* 127 Pa.Commonwealth Ct. 65, 560 A.2d 925 (1989); *M.A. Bruder & Son, Inc. v. Workmen's Compensation Appeal Board (Harvey),* 86 Pa.Commonwealth Ct. 353, 485 A.2d 93 (1984).

██ We recognize that the referee does have discretion in determining whether to impose penalties under Section 435 of the Act. *Magayna v. Workmen's Compensation Appeal Board (Jones & Laughlin Steel Corporation),* 115 Pa. Commonwealth Ct. 268, 539 A.2d 952 (1988). The referee found that the hospital bills in question were not reasonable or necessary and concluded that the Employer was not obligated to pay the same, except for the first week of hospitalization. The referee further concluded that since the Employer relied on the testimony of its expert witness in this regard, the imposition of penalties was unwarranted. The Board agreed with the referee's determination that there was a reasonable basis for the Employer to contest the payment of the medical expenses. Whether or not the Employer had a reasonable basis for contesting payment of the medical expense is irrelevant to the issue of whether penalties should have been imposed.

Section 306(f)(2)(ii) of the Act specifies that the filing of the petition itself does not effect an automatic supersedeas. Moreover, this Court has held that Section 306(f) does not authorize a discretionary supersedeas as to payments of medical expenses. *Adia Personnel Agency v. Workmen's Compensation Appeal Board (Coleman),* 137 Pa.Commonwealth Ct. 405, 586 A.2d 507 (1991). Therefore, an employer is obligated to pay medical expenses until such time as a petition to review the reasonableness and necessity of such

expenses has been granted. While the Employer may have had the right to contest the necessity and the reasonableness of the medical expenses in question, the Employer was not entitled of right to unilaterally cease payment of such expenses. Since the Employer clearly violated the Act by its unilateral refusal to pay Loose's medical expenses, the referee erred by not imposing penalties.[3]

Accordingly, we reverse the Board in denying payment of medical expenses for the hospitalization from April 25, 1988 through June 24, 1988 and impose, pursuant to Section 435 of the Act, 77 P.S. § 991(d)(i), a penalty of 20% of all the medical expenses together with and including the interest accrued thereon.

## ORDER

AND NOW, this 31st day of December, 1991, it is ORDERED as follows:

1) The order of the Workmen's Compensation Appeal Board affirming the decision of the referee which awarded payment of medical expenses for the hospital admission from April 18, 1988 through April 24, 1988 is affirmed;

2) The order of the Workmen's Compensation Appeal Board affirming the decision of the referee to deny payment of medical expenses from April 25, 1988 through June 24, 1988 is reversed and John H. Smith Arco Station is directed to pay Petitioner the medical expense for the period April 25, 1988 through June 24, 1988;

3) John H. Smith Arco Station is directed to pay interest at the prevailing commercial rate on the medical expense incurred during the period April 18, 1988 through June 24, 1988.

3. In his appeal to the Board, Loose also alleged that the referee erred in failing to assess attorney's fees against the Employer pursuant to Section 440 of the Act, 77 P.S. § 996. However, Loose did not raise the issue of attorney fees in his petition for review or his statement of questions presented to this Court. Since Loose did not preserve the issue for our review, we will not address this issue as part of our decision.

4) The matter is remanded to the Board to determine the commercial rate of interest and the amount of interest due from the period June 24, 1988 to the date of such determination on the amounts due under paragraph 3 hereof;

5) John H. Smith Arco Station is assessed a penalty of 20% of the total of the medical expense and the interest due thereon, the dollar amount of the 20% to be determined by the Board on remand;

6) The order of the Workmen's Compensation Appeal Board affirming the decision of the referee which dismissed the petition for penalties is reversed.

Jurisdiction relinquished.

PELLEGRINI, Judge, concurring and dissenting.

I concur with the majority that the employer, under the present state of the law, cannot unilaterally cease payment of medical expenses, nor may a referee retroactively authorize an employer not to pay for medical expenses for treatment already given. However, I dissent as to the majority's imposition of a 20 percent penalty upon the employer where the referee found that the medical costs were not work-related.

Section 435(d) of the Workmen's Compensation Act, 77 P.S. § 991(d), provides in relevant part:

The department, the board or any court which may hear any proceedings brought under this act, shall have the power to impose penalties as provided herein for violations of the provisions of this act or such rules and regulations or rules of procedure:

* * * * * *

(ii) Employers and insurers *may be penalized* a sum of 10% of the amount awarded in interest accrued payable: Provided, however, that such a penalty may be increased to 20% of the amount awarded in interest accrued payable: provided, however, that such penalty may be increased to 20% in cases unreasonable or excessive delays. Such penalties shall be payable to

same persons to whom the compensation is payable. (Emphasis added.)

Here, the referee, exercising the discretion conferred in Section 435, found that a penalty of 20 percent should not be assessed. In Findings of Fact Nos. 6 and 7, finding the medical expenses both non work-related and unreasonable, the referee explained why the imposition of a penalty was not appropriate as follows:

No. 6. This Referee has thoroughly reviewed the evidence in this manner in which there basically is a dispute in the medical testimony presented. After reviewing the testimony of both physicians, this Referee is more impressed and finds more persuasive Dr. Steinman's testimony in this case. Dr. Steinman saw and examined the Claimant six (6) times over a twenty-one (21) month span from November 1986 through August 1988.... While the doctor felt that the Claimant had returned to his preinjury status, he did suggest that the Claimant not return to mechanical type work, but that these restrictions were because of the Claimant's long standing congenital condition of osteogenesis imperfecta in the size of his body which restrictions were unrelated to the compensation injury. This Referee also finds Dr. Steinman's testimony more credible and believable and persuasive than that of Dr. Kent and accepts Dr. Steinman's testimony for purposes of this adjudication.

No. 7. With respect to the Claimant's position for penalties, and the issue of a ten (10) week hospitalization at Community General Hospital from April 1988 through June 1988, this Referee is quite shocked at such a long hospitalization being authorized by any physician and it appears that both the hospital and the physician were lax in allowing such a long hospitalization to take place. In fact, the hospitalization would have continued except that the Claimant checked himself out of the hospital voluntarily due to a domestic problem. This Referee accepts the opinions of Dr. Steinman that the hospitalization was not necessary or reasonable for the treatment of the Claim-

ant's work-related injury except for the first week's stay in the hospital. *Since the Defendant was relying on Dr. Steinman's testimony for nonpayment of that bill, and this Referee accepts the testimony of Dr. Steinman in that regard, no penalties are due and payable. Defendant had adequate reason to contest payment of the bill and this Referee, in his discretion, will not impose penalty in any event for failure to pay that bill.* (Emphasis added.)

While the majority agrees that the referee has a right to exercise discretion as to whether to award a penalty, the majority nonetheless reversed the referee. Apparently, the majority believed because the employer had no right to unilaterally stop payment for unjustified medical bills, then, *per se,* the employer was liable for the penalty, and consequently, the referee abused his discretion. In view of the developing nature of the law relating to medical bills and the complete unrelatedness and unreasonableness of the medical bills in question, the referee properly exercised his discretion not to award a penalty. Accordingly, I would affirm the referee's and the Board's denial of the imposition of a penalty.