613 A.2d 85

**Homer KERNS, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (COLT RESOURCES, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted March 27, 1992.

Decided July 16, 1992.

270

John G. Achille, for petitioner.

Anthony G. Sanchez, for respondent.

Before PALLADINO and PELLEGRINI, JJ., and NARICK, Senior Judge.

PALLADINO, Judge.

Homer Kerns (Claimant) appeals an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's granting of the petition of Colt Resources, Inc. (Employer) to terminate Claimant's benefits as of April 8, 1987. We affirm in part and reverse in part.

On January 20, 1986, Claimant was injured while in the course of his employment as a bulldozer operator. Pursuant to a notice of compensation payable dated February 14, 1986, Claimant received total disability benefits computed from January 21, 1986.

On April 8, 1987, Employer filed a petition to terminate Claimant's benefits on the ground that Claimant was capable of returning to his employment as a bulldozer operator. Em-

ployer requested a supersedeas which, after a hearing, was granted as of April 8, 1987.

On January 5, 1988, a hearing was held on Employer's termination petition. At the hearing, both Claimant and Employer were represented by counsel and presented evidence. On September 13, 1988, the referee issued a decision. The referee found that Claimant's work-related injury had resolved so that Claimant was no longer disabled as of January 19, 1987. Concluding that Employer had satisfied its burden of proof, the referee granted Employer's petition, terminated compensation benefits to Claimant as of April 8, 1987, and held that Employer was not responsible for any medical expenses incurred by Claimant after April 8, 1987, which was the filing date of Employer's termination petition.

Claimant appealed to the Board which, by an order and opinion dated June 27, 1989, affirmed the referee's September 13, 1988 decision except as to that portion concerning Claimant's medical expenses. With regard to Claimant's medical expenses, the Board remanded the case to the referee "for the sole purpose of having her determine whether the medical bills are reasonable and necessary."

Claimant attempted to appeal the Board's June 27, 1989 order to the commonwealth court which, by an order dated August 29, 1989, held that the Board's June 27 order was interlocutory and not appealable and accordingly returned the record to the Board for final decision. The Board, in turn, assigned the matter to the referee for disposition in accordance with the terms of the Board's remand directive that the referee ascertain whether Claimant's medical expenses were reasonable and necessary.

On December 1, 1989, the referee issued a decision in response to the Board's remand directive. The referee found that Claimant was entitled to have Employer pay $1,652.00 in medical bills owed to Glen C. Moore, a chiropractor, for the period January 25, 1986 (date of Dr. Moore's first examination of Claimant for Claimant's January 20, 1986 work-related injury) to April 3, 1987 (Claimant's last appointment with Dr.

Moore prior to the April 8, 1987 filing date of Employer's termination petition).

On December 26, 1989, Claimant appealed to the Board. By an opinion and order dated May 31, 1991, the Board affirmed the referee's termination of Claimant's benefits pursuant to the referee's September 13, 1988 decision and the referee's determination of the medical expenses due the Claimant pursuant to the referee's December 1, 1989 decision. Claimant timely filed a petition for commonwealth court review of the Board's affirmance of the referee.

This appeal[1] raises three issues: (1) whether Employer carried its burden of proving entitlement to termination of Claimant's benefits; (2) whether Claimant's due process rights were violated either by the amount of time given Claimant to prepare and present his case after the close of Employer's case or by the denial of Claimant's access to the official workmen's compensation file/record; and (3) whether Employer's responsibility to pay for Claimant's medical expenses was improperly terminated as of April 8, 1987.

An employer seeking termination of a claimant's workmen's compensation benefits has the burden of proving by substantial evidence that all the claimant's work-related disability has ceased. *Hebden v. Workmen's Compensation Appeal Board (Bethenergy Mines, Inc.)*, 142 Pa.Cmwlth.Ct. 176, 597 A.2d 182 (1991), *petition for allowance of appeal granted*, 529 Pa. 659, 604 A.2d 251 (1992); *Laird v. Workmen's Compensation Appeal Board (Michael Curran and Associates)*, 137 Pa.Cmwlth.Ct. 206, 585 A.2d 602 (1991); *Williams v. Workmen's Compensation Appeal Board (Montgomery Ward)*, 127 Pa.Cmwlth.Ct. 587, 562 A.2d 437 (1989); *Bigler v. Workmen's Compensation Appeal Board (Bristol Township)*, 96 Pa.Cmwlth.Ct. 642, 508 A.2d 635 (1986), *petition for allow-*

1. Contrary to Claimant's contention, our scope of review in workmen's compensation cases where, as here, both parties have presented evidence is limited to determining whether constitutional rights were violated, an error of law was committed, or necessary findings of fact are unsupported by substantial evidence. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Cmwlth.Ct. 436, 550 A.2d 1364 (1988).

*ance of appeal denied,* 516 Pa. 619, 531 A.2d 1120 (1987). Where medical testimony is unequivocal and is accepted by a referee as credible evidence, such testimony constitutes substantial evidence. *Williams; Bigler; Philadelphia College of Osteopathic Medicine v. Workmen's Compensation Appeal Board (Robert L. Lucas),* 77 Pa.Cmwlth.Ct. 202, 465 A.2d 132 (1983). Medical testimony is unequivocal if a medical expert testifies, after providing a foundation for his testimony, that, in his professional opinion, he believes or thinks a fact exists. *Williams; Philadelphia College of Osteopathic Medicine.* Even if a medical expert admits to uncertainty, reservation or lack of information with respect to medical details, the expert's testimony remains unequivocal as long as the expert expresses his belief that, in his professional opinion, a fact exists. *Philadelphia College of Osteopathic Medicine.*

█ The record contains the conflicting hearing testimony of Claimant and deposition testimonies of John C. Karian, M.D.; Glen C. Moore, D.C., and John M. Brooks, D.O. The resolution of conflicts in witnesses' testimonies and the determination of witnesses' credibility are exclusively the province of the workmen's compensation referee where, as here, the Board has not taken any additional evidence. *Crankshaw v. Workmen's Compensation Appeal Board (County of Allegheny),* 120 Pa.Cmwlth.Ct. 148, 548 A.2d 368 (1988), *petition for allowance of appeal denied,* 523 Pa. 633, 564 A.2d 1261 (1989); *Rettinger v. Workmen's Compensation Appeal Board (American Can Co.),* 103 Pa.Cmwlth.Ct. 595, 520 A.2d 1252 (1987). In the present case, the referee resolved the testimonial conflicts (1) by explicitly rejecting as not credible the testimonies of Claimant and of Claimant's expert witnesses, Drs. Moore and Brooks, all of whom testified that Claimant's work-related injury continued to disable Claimant and (2) by specifically finding credible the testimony of Employer's expert witness, Dr. Karian, who testified that Claimant was no longer disabled by his work-related injury.

█ By way of deposition, Dr. Karian, a Board-certified neurosurgeon, testified as follows. Upon Employer's request, Dr. Karian examined Claimant on January 19, 1987, at which

time Claimant supplied his history to Dr. Karian. Dr. Karian's July 23, 1987 Deposition at 7–9. Dr. Karian then performed a neurological examination of Claimant and discovered no evidence of cranial nerve abnormalities, paraspinal or paracervical muscle spasm, limitation in the range of motion, inflammation, loss of muscle tone, diminished reflexes, or sensory perception loss. *Id.* at 9–11, 47. Additionally, Dr. Karian had cervical spine x-rays taken of Claimant, and the x-rays revealed no abnormal movements of the spine during flexion and extension views. *Id.* at 12. Dr. Karian opined that "at the time of [his] examination there was no objective evidence of pathology and this syndrome had resolved, at least objectively." [2] *Id.* at 14, 27, 35, 38, 45. Furthermore, Dr. Karian stated that, based on his examination of Claimant, he "did not see any reason why he [i.e., Claimant] could not return to work." *Id.* at 15, 34, 35, 42, 45. When asked if he had formed an opinion about Claimant's ability to perform as a bulldozer operator, Dr. Karian replied that he "felt that [Claimant] could." *Id.* at 18, 45. Dr. Karian also stated that no restrictions should be placed on the activities which Claimant could perform upon returning to his job as a bulldozer operator. *Id.* at 45, 46.

█ We hold that Dr. Karian's testimony constituted substantial evidence upon which (1) the referee could find that, as of January 19, 1987, Claimant was no longer disabled by his January 20, 1986 work-related injury [3] and (2) the Board could therefore properly conclude that Employer had satisfied its

---

**2.** Dr. Karian acknowledged that, during his examination of Claimant, Claimant claimed to have continuing pain resulting from his work-related injury. Contrary to Claimant's contention, Claimant's assertion of continuing pain does not require a finding that Claimant remains disabled. A finding that a claimant is no longer disabled may be made where, as here, a physician has stated that the claimant is fully recovered and able to return to work and that there is no objective abnormality to support the claimant's subjective symptoms such as pain. *Laird; Williams; Shepherd v. Workmen's Compensation Appeal Board,* 66 Pa.Cmwlth.Ct. 101, 443 A.2d 862 (1982).

**3.** Contrary to Claimant's contention, a finding of availability of employment is not required where a referee has found that a claimant is no longer disabled. *Laird.*

burden of proving that Claimant's work-related disability had ceased.

■ Next, we consider whether Claimant's due process rights were violated. Claimant asserts first that he was denied due process because the referee did not give him sufficient time after the close of Employer's case to prepare and present his own case.

A hearing before the referee was conducted on January 5, 1988. The hearing was attended by Claimant, Claimant's counsel, and Employer's counsel. Claimant's counsel offered into evidence the depositions of Drs. Moore and Brooks. Employer's counsel offered into evidence the deposition of Dr. Karian. Claimant was called by Employer's counsel to testify as if on cross-examination. Transcript of January 5, 1988 Hearing at 3–4. At the close of the hearing, the following colloquy occurred on the record:

Referee Morrison: Both parties are resting at this time?

Mr. Achille [Claimant's counsel]: I don't think I have any more evidence, but I'd like to review everything and close by mail. I don't have any need for a further hearing.

. . . .

Referee Morrison: Okay. It will be held for 40 days but I would like it to be close[d] before that, if possible.

Id. at 25–26.

Consequently, the record shows that after the close of the January 5 hearing at which both Employer and Claimant presented evidence, Employer and Claimant each had forty days in which to present the referee with any other information pertinent to the disposition of Employer's termination petition. Moreover, the record shows that Claimant rejected the opportunity for another evidentiary hearing and indicated a lack of additional evidence to offer on his behalf.

Furthermore, we note that the first hearing in this case was held on May 26, 1987 at which time the parties presented evidence with respect to Employer's entitlement to a supersedeas. Because the next hearing in this case was not held until January 5, 1988, it would appear that, in the seven-month

interim between the two hearings, both parties had ample opportunity to prepare their own evidence and to ready themselves to rebut the opposing party's evidence. *See Mrs. Smith Pie Co. v. Workmen's Compensation Appeal Board,* 57 Pa. Cmwlth.Ct. 274, 426 A.2d 209 (1981) (no violation of due process occurred where referee refused to grant continuance for the purpose of deposing a witness and the party seeking the continuance had not tried to depose the witness in the seven-month period preceding the request for the continuance).

Under these circumstances, we hold that Claimant was afforded ample opportunity to be heard and accordingly Claimant's due process rights were not violated. *See Allstate Insurance Co. v. Fioravanti,* 451 Pa. 108, 299 A.2d 585 (1973); *see also Mrs. Smith Pie Co.*

Claimant asserts alternatively that he was denied due process because, during the pendency of the proceedings before the referee, the referee allegedly did not allow him to review the contents of the official file/record for the case. Claimant's Appellate Brief at 24. This assertion is contravened by the averments contained in Claimant's notice of appeal to the Board from the referee's December 1, 1989 decision. In the notice of appeal, Claimant admits that access was "arranged on an appointment basis commencing June 1988 for claimant's counsel to review court [i.e., the administrative agency] records to assure all is in order." Accordingly, Claimant had the opportunity to examine the official file/record prior to the issuance of the referee's September 13, 1988 and December 1, 1989 decisions and prior to the preparation and filing of Claimant's notices of appeal to the Board from the referee's September 13, 1988 and December 1, 1989 decisions. Given these circumstances, we conclude that Claimant was not denied due process.

Finally, Claimant argues that the Board erred by retroactively terminating Employer's liability for Claimant's medical expenses in derogation of the holding in *Boehm v. Workmen's Compensation Appeal Board (United Parcel Services),* 133 Pa.Cmwlth.Ct. 455, 576 A.2d 1163 (1990). Claimant

contends that the termination of Employer's liability was retroactive because it was ordered to begin as of the filing date (April 8, 1987) of Employer's termination petition rather than the issuance date (September 13, 1988) of the referee's decision granting Employer's termination petition.

In several recent decisions, the commonwealth court has held that neither the Board nor a referee can authorize an employer's retroactive cessation of the payment of a claimant's past medical bills but, instead, can only authorize an employer's prospective cessation of the payment of a claimant's future medical bills. *Consolidated Freightways v. Workmen's Compensation Appeal Board (Jester)*, 145 Pa.Cmwlth.Ct. 369, 603 A.2d 291 (1992) (employer's petition to terminate claimant's compensation benefits); *Loose v. Workmen's Compensation Appeal Board (John H. Smith Arco Station)*, 144 Pa. Cmwlth.Ct. 332, 601 A.2d 491 (1991) (employer's petition to terminate claimant's compensation benefits); *Brown v. Workmen's Compensation Appeal Board (Borough of New Eagle)*, 137 Pa.Cmwlth.Ct. 575, 587 A.2d 34 (1991) (employer's petition for review of the necessity for claimant's continuing medical treatment and, concomitantly, for employer's continuing payment for same); *Johnson v. Workmen's Compensation Appeal Board (Albert Einstein Medical Center)*, 137 Pa.Cmwlth.Ct. 176, 586 A.2d 991 (1991) (employer's petition to suspend claimant's compensation benefits); *Boehm* (employer's petition to modify claimant's compensation benefits).

We deem the court's analysis in *Loose* dispositive of the present appeal inasmuch as the material facts in *Loose* are identical to those in the appeal now before us. Like Employer in the present appeal, the employer in *Loose* filed a petition to terminate a claimant's compensation benefits but did not file, in conformity with subsection 306(f)(2)(ii) of The Pennsylvania Workmen's Compensation Act,[4] a petition for review of either the necessity for the claimant's medical treatment or the reasonableness of the claimant's medical expenses. The commonwealth court held that, where an employer has not filed a subsection 306(f)(2)(ii) petition, a referee cannot relieve an

4. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 531(2)(ii).

employer of the responsibility for paying all medical expenses incurred by a claimant prior to the date of the referee's decision granting the employer's petition to terminate the claimant's compensation benefits. *Accord Consolidated Freightways.* Consistent with the wording of subsection 306(f)(2)(ii),[5] the court also reasoned that, where an employer has filed a subsection 306(f)(2)(ii) petition, a referee may relieve an employer of the responsibility for paying unnecessary and unreasonable medical expenses incurred by the claimant as of the date of the referee's decision ruling on the subsection 306(f)(2)(ii) petition.

■ Applying the analysis in *Loose* to the present appeal, we conclude that the Board and the referee erred in attempting to terminate Employer's liability for payment of Claimant's medical expenses prior to September 13, 1988 when the referee's decision on Employer's termination petition was issued.[6] *Accord Consolidated Freightways.*

■ Before the Board and this court, Claimant has additionally maintained his entitlement to interest on the amount of medical expenses whose payment was deferred by Employer. Section 406.1 of The Pennsylvania Workmen's Compensation Act, added by section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. § 717.1, states that "[i]nterest shall accrue on all due and unpaid compensation at the rate of ten per centum per annum." Section 406.1 mandates automatic interest

**5.** In pertinent part, subsection 306(f)(2)(ii) specifies that a petition filed pursuant to it "shall in no event act as a supersedeas, and during the pendency of any such petition the employer shall pay all medical bills...."

**6.** We reject Employer's contention that its liability for medical expenses ended on April 8, 1987 because the referee had granted Employer a supersedeas effective as of April 8, 1987. In *Adia Personnel Agency v. Workmen's Compensation Appeal Board (Coleman),* 137 Pa.Cmwlth.Ct. 405, 586 A.2d 507 (1991), *appeal denied,* 528 Pa. 624, 597 A.2d 1154 (1991), the commonwealth court held that no section of The Pennsylvania Workmen's Compensation Act permits a discretionary supersedeas with respect to an employer's payment of a claimant's medical expenses and that the clear language of subsection 306(f)(2)(ii) manifests that a petition filed pursuant to subsection 306(f)(2)(ii) does not act as an automatic supersedeas with respect to an employer's payment of a claimant's medical expenses.

whenever there is a delay in payment beyond twenty-one days regardless of the reason for the delay. *Becerra v. Workmen's Compensation Appeal Board (Leaseway Systems)*, 137 Pa. Cmwlth.Ct. 362, 586 A.2d 485 (1991). In *Glinka v. Workmen's Compensation Appeal Board (Sears, Roebuck and Co.)*, 75 Pa.Cmwlth.Ct. 504, 462 A.2d 909 (1983), the commonwealth court held that the interest provision of section 406.1 applies to unpaid medical expenses. Therefore, we conclude that Claimant is entitled to interest at the rate of ten per cent per annum on the amount of medical expenses which remained unpaid as of September 13, 1988.

Accordingly, we affirm that portion of the Board's order which affirmed the referee's granting of Employer's petition to terminate Claimant's compensation benefits and we reverse that portion of the Board's order which affirmed the referee's denial of Claimant's medical expenses incurred after April 8, 1987 but prior to September 13, 1988. We hereby direct Employer to pay Claimant for the medical expenses incurred by Claimant between January 20, 1986 and September 13, 1988 as a result of Claimant's work-related injury of January 20, 1986 and to pay ten per cent interest per annum on any portion of said expenses that remained unpaid as of September 13, 1988. We remand to the Board for a determination of the amount of medical expenses to be paid by Employer.

## ORDER

AND NOW, July 16, 1992, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is (1) hereby affirmed in part to the extent that it affirms the referee's granting of the termination petition of Colt Resources, Inc. and (2) is hereby reversed in part to the extent that it affirms the referee's denial of the medical expenses incurred by Homer Kerns after April 8, 1987 but prior to September 13, 1988.

We hereby direct Colt Resources, Inc. to pay Homer Kerns for the medical expenses incurred by Homer Kerns between January 20, 1986 and September 13, 1988 as a result of Homer Kerns' January 20, 1986 work-related injury and to pay Ho-

mer Kerns ten per cent interest per annum on any portion of said expenses that remained unpaid as of September 13, 1988.

We hereby remand this matter to the Workmen's Compensation Appeal Board for a determination of the amount of medical expenses which must be paid by Colt Resources, Inc.

Jurisdiction is hereby relinquished.