Susan **UDVARI**, Petitioner,

v.

**WORKMEN'S COMPENSATION
APPEAL BOARD (U.S. AIR,
INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 30, 1995.
Decided Oct. 25, 1995.
Reargument Denied Dec. 21, 1995.

Thomas Shannon Barry, for petitioner.

Patricia L. Wozniak, for respondent.

Before McGINLEY and NEWMAN, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

Susan Udvari appeals a Workmen's Compensation Appeal Board (Board) order that affirmed a Workers' Compensation Judge's (WCJ) decision granting U.S. Air Inc.'s (USAir) petition to terminate Udvari's benefits under Pennsylvania's Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4.

The WCJ found the following facts. Udvari worked for USAir as a lead flight attendant. In January 1992, she injured her left and right sides after being tossed about when a taxiing airplane in which she was working became stuck on a snow bank. The parties executed a notice of compensation payable for a "neck and shoulder" work injury. USAir subsequently petitioned for a termination of Udvari's benefits, alleging that all work-related disability had ceased as of

February 4, 1993. Udvari contested the petition. She returned to work with no loss of wages on May 1, 1993.

In deciding the termination petition, the WCJ credited and accepted the testimony of Dr. Paul Lieber, who had examined Udvari at USAir's request on February 3, 1993. Based on that testimony and the WCJ's observation of Udvari, the WCJ concluded that Udvari had completely recovered from her work injury and no longer required treatment. Udvari appealed to the Board, which affirmed the referee's decision. Udvari now appeals to this Court.[1]

Udvari's argument in this appeal is that Dr. Lieber's testimony was equivocal and did not establish that Udvari had recovered from all residual effects of her work injury. Without citing the record, Udvari states that Dr. Lieber testified Udvari suffered from pain symptoms and would require additional, periodic treatment for her work-related injury. She cites *Murphy v. Workmen's Compensation Appeal Board (Ames Department Store)*, 146 Pa.Cmwlth. 366, 605 A.2d 1297 (1992) for the proposition that, if a claimant's condition is the result of a "functional overlay," the employer has failed to carry its burden of proving that all of the claimant's work-related disability has ceased. She cites *JAB Enterprises, Inc. v. Workmen's Compensation Appeal Board (Haehn)*, 79 Pa. Cmwlth. 638, 470 A.2d 210 (1984) for the proposition that severe pain, even without evidence of an anatomical cause, is sufficient to support a finding of continued disability.

We have carefully reviewed Dr. Lieber's testimony and make the following observations. First, and directly at variance with Udvari's assertion, Dr. Lieber did not opine that Udvari required additional treatment. Second, he did opine that Udvari could return to her job. Third, contrary to the situation in *Murphy* and similar cases, Dr. Lieber did not state that Udvari had a "functional" problem or that such a problem remains as a result of the work-related injury. Dr. Lieber clearly, unequivocally and consistently testi-

fied that he diagnosed Udvari with chronic muscular strain and multiple contusions from the work injury, that these were completely resolved as of the time of his examination, that Udvari was completely healed and that there was no reason for "any further medical, chiropractic, physical therapy or diagnostic tests." (Deposition of Paul S. Lieber, M.D., May 4, 1993, pp. 22–23, 25, 46, 51–52).

However, Dr. Lieber did make one other diagnosis, symptom magnification syndrome, which he defined as "anything from malingering to psychogenic pain." (Id. at 23–24). He testified that Udvari exhibited exaggerated pain behavior—including sobbing and jumping off a table when touched "very lightly"—for which there was no objective cause. (Id. at 46–50). He specifically testified:

> And what I am trying to impart is, again, that she embellished her symptoms, for what reasons, I don't know; that I could find nothing wrong with this woman; that I thought that she was fully recovered; and that she should return to work....
>
> I'm reluctant to call her a malingerer because I think that that attaches a certain stigma and that I am not convinced that she was lying to me. Basically there are some people who I am convinced are lying to me. I'm not convinced that she was not lying to me, but I'm not convinced that she was lying to me. You know, in other words, what I'm trying to say is she might believe that she has these symptoms. She might believe that she has this pain. *I'm going to give her the benefit of the doubt in that regard.*

(Id. at 50–51) (emphasis added).

■ Given this testimony on Udvari's pain and symptom magnification syndrome, we conclude that the WCJ improperly terminated benefits.

■ USAir accurately notes that an assertion of continuing pain does not require a finding that a claimant remains disabled; this Court has stated that a finding that a claimant is no longer disabled may be made

---

1. Our scope of review is limited to determining whether constitutional rights were violated, errors of law were committed or necessary findings of fact are unsupported by substantial evidence.

*Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Cmwlth. 436, 550 A.2d 1364 (1988).

where a physician has stated the claimant is fully recovered and able to return to work and there is no objective abnormality to support the claimant's subjective symptoms such as pain. *Kerns v. Workmen's Compensation Appeal Board (Colt Resources, Inc.)*, 149 Pa. Cmwlth. 268, 613 A.2d 85, 88, n. 2 (1992); *see also Shepherd v. Workmen's Compensation Appeal Board*, 66 Pa.Cmwlth. 101, 443 A.2d 862 (1982). On the other hand, if a WCJ determines that a claimant can return to work and all pain from the work-related disability has not ceased, a termination is not appropriate. *Moltzen v. Workmen's Compensation Appeal Board (Rochester Manor)*, 166 Pa.Cmwlth. 589, 646 A.2d 748 (1994). Moreover, in order to obtain a termination, it is the employer's burden to prove that "all disability related to a compensable injury has ceased." *Pieper v. Ametek–Thermox Instruments Division*, 526 Pa. 25, 31–32, 584 A.2d 301, 304 (1990). The employer's burden is considerable because disability is presumed until demonstrated otherwise. *Giant Eagle v. Workmen's Compensation Appeal Board (Chambers)*, 161 Pa.Cmwlth. 35, 635 A.2d 1123 (1993). It is also the employer's burden to prove that a current disability is not related to the work-related injury. *Gumro v. Workmen's Compensation Appeal Board*, 533 Pa. 461, 626 A.2d 94 (1993).

We must therefore determine whether this case is governed by *Kerns* and *Shepherd* or by the *Moltzen* line of cases. We conclude that *Moltzen* is the appropriate authority, and that *Kerns* and *Shepherd* are distinguishable, because in neither of those cases does it appear that the physician called by employer testified affirmatively that the claimant had pain.[2]

In this case, the WCJ credited Dr. Lieber's testimony. Dr. Lieber testified that he diagnosed Udvari as having symptom magnification syndrome and stated that he thought Udvari believed that she had pain. There is no affirmative credited testimony that any pain symptoms or the symptom magnification syndrome were unrelated to the work injury, or, in the alternative, a discrediting by the WCJ of the portion of testimony on pain and symptom magnification syndrome.

■ It may be accurate to say that a WCJ under certain circumstances *may* grant a termination despite an *assertion* of pain and *may* do so based on the testimony of no objective abnormality even though a physician called by an employer says nothing about a claimant's pain. *Kerns; Shepherd.* However, a termination cannot stand where the physician testifying for an employer supports claimant's assertion of pain, or the WCJ makes a finding that continued work-related pain exists. *Moltzen.* In *Moltzen*, we held that the WCJ erred in terminating benefits where there was continued residual work-related disability. While the WCJ here did not specifically find that Udvari had pain symptoms or symptom magnification syndrome, the WCJ did credit the testimony to that effect. Since USAir had the burden of proof and Dr. Lieber's testimony in this case does not establish that pain symptoms and the symptom magnification to which he attested were not work-related, we conclude that Udvari's benefits were improperly terminated. *Moltzen; see also Gumro; Pieper.*

■ Based on the WCJ's findings, supported by Dr. Lieber's credited testimony, it is clear that Udvari could have returned to work despite any residual effects such as pain symptoms or symptom magnification syndrome. In such a situation, a remand for a suspension of benefits, instead of a termination, is appropriate if there is a showing of job availability. *Moltzen.* Therefore, we shall remand this case for the WCJ to suspend benefits as of May 1, 1993, when Udvari returned to work without a loss of wages; on remand, the WCJ shall also determine whether a suspension would be warranted as of some earlier date following the date of Dr. Lieber's examination, pending a showing of earlier job availability. *Id.*

Accordingly, the order of the Board sustaining the WCJ's decision is vacated and

---

**2.** In *Corcoran v. Workmen's Compensation Appeal Board (Stuart Painting Co.)*, 144 Pa.Cmwlth. 398, 601 A.2d 887 (1992), *petition for allowance of appeal denied*, 531 Pa. 641, 611 A.2d 713 (1992), it is unclear from the opinion whether, as in this case, the credited physician accepted the claimant's subjective complaints of pain.

this case is remanded for further proceedings consistent with this opinion.

### ORDER

AND NOW, this 25th day of October, 1995, the order of the Workmen's Compensation Appeal Board, No. A94–2379, dated December 23, 1994, is hereby vacated and this case is remanded to the Board to order a Workers' Compensation Judge to suspend Susan Udvari's benefits as of May 1, 1993, and to determine whether a suspension would be warranted as of some earlier date, but not earlier than February 4, 1993, pending a showing of earlier job availability.

Jurisdiction relinquished.