**JOHN J. KANE GLEN HAZEL REGIONAL CENTER,**
Petitioner,

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (RUST),**
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 1, 1996.

Decided April 15, 1996.

Anthony T. Colangelo, for Petitioner.

Amiel B. Caramanna, Jr., for Respondent.

Before COLINS, President Judge, McGINLEY, J., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

John J. Kane Glen Hazel Regional Center (Employer) petitions for review of an order of the Workmen's Compensation Appeal Board (Board) which affirmed a Workers' Compensation Judge's (WCJ) decision denying Employer's request to recoup an overpayment of attorney's fees. We affirm.

By order dated January 22, 1991, WCJ Linda Tobin[1] granted the claim petition filed by Thomas Rust (Claimant), awarding compensation for an injury Claimant suffered on February 15, 1990, and suspending compensation effective May 13, 1990. The order directed Employer to pay Claimant's attorney's fees of twenty percent of compensation directly to Claimant's counsel, based on the WCJ's conclusion that Employer failed to prove that its contest of the claim was reasonable.

---

1. At that time, Judge Tobin's title was that of referee. For the purpose of consistency we shall refer to Judge Tobin using her present title throughout this opinion.

On June 14, 1991, the parties entered into a supplemental agreement which provided for a reinstatement of compensation; the agreement also stated that attorney's fees would be paid in accordance with Judge Tobin's January, 1991 decision. On July 12, 1991, the parties executed another supplemental agreement correcting the statement of Claimant's average weekly wage and increasing the amount of compensation. The second supplemental agreement also stated that attorney's fees were to be paid in accordance with Judge Tobin's decision of January, 1991. In a third supplemental agreement, ·dated October 24, 1991, the parties agreed that Claimant would receive additional compensation for recurrences of disability suffered on seven specific dates, ranging from June 23, 1990 through April 8, 1991. The agreement stated that "payment for the above dates does not affect his present compensation." (R.R. 8a.) This agreement did not refer to a payment of attorney's fees.

Employer continued to pay attorney's fees directly to Claimant's counsel, in addition to the compensation paid to Claimant, until March 8, 1993. On June 8, 1993, Employer filed a petition for review and sought to recoup an alleged overpayment of $3,201.00, the amount of attorney's fees paid in addition to compensation after October 24, 1991.

Employer's petition was assigned to Judge Tobin. In a decision dated October 17, 1994, Judge Tobin concluded that Employer's obligation to pay counsel fees under her earlier order did not extend beyond the suspension date of May 13, 1990. However, Judge Tobin concluded that the subsequent supplemental agreements executed by the parties controlled the further payment of counsel fees as costs by Employer. Specifically, Judge Tobin concluded that, pursuant to the agreements of June 14, 1991 and July 12, 1991, Employer independently undertook to continue to pay attorney's fees as costs.

Judge Tobin further concluded that the October 24, 1991 agreement superseded the prior agreements and that Employer's obligation to pay attorney's fees ceased as of that date. Nevertheless, Judge Tobin denied Employer's request for credit against future compensation on the grounds that there existed no authority on which to base such an award.

Both parties appealed to the Board. Claimant argued that Judge Tobin erred by failing to award continued payment of counsel fees; Employer argued that Judge Tobin erred by failing to grant it credit for the amount of attorney's fees paid after October 25, 1991. The Board affirmed, stating that the parties had retained the right to negotiate their ongoing relationship and had done so by way of the supplemental agreements. The Board agreed with Judge Tobin that no legal precedent required that Employer be reimbursed for what the Board described as a voluntary overpayment assumed by way of agreements executed after the date of Judge Tobin's order and without her approval.

■ On appeal to this Court,[2] Employer cites *Fahringer, McCarty and Grey, Inc. v. Workmen's Compensation Appeal Board (Green)*, 107 Pa.Cmwlth. 597, 529 A.2d 56 (1987) as authority supporting its right to recoupment. In *Fahringer*, the parties stipulated that the claimant's average weekly wage had been misstated in the notice of compensation payable and supplemental agreement. The corresponding miscalculations had gone undetected for approximately six years and, as a result, the employer had overpaid the claimant an amount of approximately $18,320.00.

The referee in *Fahringer* modified the rate of compensation in the supplemental agreement but denied the employer's petition to recoup the overpayment. The referee found that the parties had relied upon the assumption that the rate, which had been supplied by the employer, had been correct and determined that it would be inappropriate to allow the employer credit because it would be detrimental to the claimant. The Board affirmed.

---

2. Our scope of review in a workers' compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

The *Fahringer* court held that restitution was appropriate based on the doctrine of unjust enrichment. The *Fahringer* court noted that Section 413 of the Workers' Compensation Act [3] authorizes a WCJ to modify or set aside a supplemental agreement "if it be proved that such ... agreement was in any material respect incorrect." The court directed the Board to fashion an order recomputing benefits and to determine an amount to be deducted that would be manageable for the claimant.

 We agree that the Board has the authority, under certain circumstances, to award restitution. However, the present case is distinguishable from *Fahringer* in several significant respects. Here, the WCJ's January, 1991 order is silent as to whether attorney's fees would be payable in the event that benefits were reinstated. No mistake of fact or law can be ascertained from the face of the order. By supplemental agreements and by their actions which followed, the parties mutually agreed upon an interpretation of Judge Tobin's order that continued Employer's responsibility to pay attorney's fees as costs.

After agreeing to an interpretation of Judge Tobin's order for two years, Employer decided to contest it, presumably after realizing that the absence of terms relating to attorney's fees in the October, 1991 agreement presented such an opportunity. Although, at this later date, Judge Tobin agreed with Employer's revised interpretation, this case does not involve a mistake of fact or law which existed prior to Judge Tobin's order of October 17, 1994. Instead, the parties here negotiated agreements which established legal rights and responsibilities extending beyond the terms of the January, 1991 order.

Accordingly, we conclude that the decision in *Fahringer* is inapplicable to the facts of this case and we affirm the decision of the Board.

FLAHERTY, J., did not participate in the decision in this case.

3. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 771.

## ORDER

NOW, April 15, 1996, the order of the Workmen's Compensation Appeal Board, dated July 18, 1995, at No. A94–3366, is affirmed.