**Richard MARTELL, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (DOYLE EQUIPMENT), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 18, 1997.

Decided Feb. 6, 1998.

Reargument Denied April 14, 1998.

Paul J. Dellasega, Harrisburg, for petitioner.

James R. Schmitt, Carnegie, for respondent.

Before COLINS, President Judge, LEADBETTER, J., and JIULIANTE, Senior Judge.

LEADBETTER, Judge.

Richard Martell (claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board),[1] affirming the decision of the Workers' Compensation Judge (WCJ) to terminate claimant's workers' compensation benefits as of December 4, 1991.

Claimant was employed by Doyle Equipment (employer) as a heavy equipment mechanic. On June 21, 1985, he suffered a work-related back injury and, thereafter, was awarded workers' compensation benefits.

---

1. The Act of June 24, 1996, P.L. 350, amended Section 107 of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 27, by renaming the Workmen's Com- pensation Appeal Board, as the Workers' Compensation Appeal Board, effective August 23, 1996.

Employer filed a Petition for Review on October 3, 1991, and a Petition for Termination on December 4, 1991. A hearing on both petitions was held on March 23, 1992. At the hearing, employer presented the testimony of its medical expert, Dr. Danyo. Dr. Danyo testified, based on his examination of claimant, that there was nothing objectively wrong with claimant, that claimant had no disability or limitations, that claimant's complaints could not be substantiated organically and that claimant had a symptom magnification problem. Employer also introduced into evidence a videotape, taken by a private investigator, which showed claimant successfully performing various tasks around his home.[2]

Claimant testified that he continued to experience pain in his lower back and right leg and that there had been no decrease in the occurrence of pain since his injury in 1985. Claimant also sought to introduce, over the objection of employer, a report prepared by his treating physician, Dr. Rich. The WCJ did not admit the report into evidence because Dr. Rich had not been deposed. The hearing was continued to give claimant an opportunity to depose Dr. Rich.

By letter dated March 31, 1992, claimant's counsel notified the WCJ that he had decided not to depose Dr. Rich or any other witnesses; thereafter, the record was closed. Five months later, in September 1992, claimant's counsel wrote to the WCJ, requesting that the record be reopened to permit him to depose claimant's former physician, Dr. Osgood. There is no indication in the record whether the WCJ responded to counsel's request. In any event, claimant submitted his proposed findings of fact and conclusions of law to the WCJ on October 12, 1992. In an order and decision dated April 18, 1995, the WCJ terminated claimant's benefits as of December 4, 1991. Claimant appealed to the Board, requesting that his appeal be considered a petition for rehearing, which the Board interpreted as a request for a remand. The Board affirmed on the record present-

ed,[3] and denied claimant's request for a remand. This appeal followed.

On appeal, claimant first contends that the Board erred in affirming the WCJ's decision to terminate his benefits because employer did not meet its burden of establishing that claimant's work-related disability had ceased. We must affirm the Board's order unless we determine that the adjudication is not supported by substantial evidence or is not in accordance with law. 2 Pa.C.S. § 704; *John J. Kane Glen Hazel Regional Ctr. v. Workmen's Compensation Appeal Bd. (Rust)*, 674 A.2d 1165, 1166 n. 2 (Pa.Cmwlth.1996).

Specifically, claimant argues, relying upon this court's decision in *Udvari v. Workmen's Compensation Appeal Bd. (U.S.Air)*, 667 A.2d 433 (Pa.Cmwlth.1995), that termination of benefits is improper since Dr. Danyo testified that claimant, while no longer physically disabled, continues to experience pain. This court found in *Udvari* that "a termination cannot stand where the physician testifying for an employer supports claimant's assertion of pain, or the WCJ makes a finding that continued work-related pain exists." *Id.* at 435.

▇ Unfortunately for claimant, our Supreme Court recently reversed our decision in *Udvari*, concluding that:

The fact that an employer's medical expert testifies that he believes that the claimant continues to suffer pain from a work injury does not automatically preclude the termination of benefits.... In a case where the claimant complains of continued pain, [an employer's] burden is met when [its] medical expert unequivocally testifies that it is his opinion, within a reasonable degree of medical certainty, that the claimant is fully recovered, can return to work without restrictions and that there are no objective medical findings which either substantiate the claims of pain or connect them to the work injury. If the WCJ credits this testi-

---

2. At the hearing, claimant's counsel objected to the admissibility of the videotape; however, counsel subsequently advised the WCJ that he had viewed the videotape and had no objection to its admissibility.

3. Since the Board did not take additional evidence, the WCJ is the ultimate fact finder. *Hayden v. Workmen's Compensation Appeal Bd. (Wheeling Pittsburgh Steel Corp.)*, 83 Pa.Cmwlth. 451, 479 A.2d 631, 635 (1984).

mony, the termination of benefits is proper.

— Pa. ——, 705 A.2d 1290, 1293 (1997). The court further stated that "the determination of whether a claimant's subjective complaints of pain are accepted is a question of fact for the WCJ." 705 A.2d at 1293. Here, Dr. Danyo testified that claimant's complaints of pain could not be substantiated organically, that he could find nothing objectively wrong with claimant and that claimant had no disability or limitations. R. 51a–52a. The WCJ credited this testimony. As a result, and because the WCJ's findings are supported by substantial evidence, we conclude that the Board did not err in affirming the WCJ's decision to terminate claimant's benefits.

 Claimant also contends that the Board erred in denying his request for a rehearing before the WCJ. Claimant's request to the Board for a rehearing was necessarily interpreted as a request for a remand to the WCJ. Claimant sought a remand on the basis that his counsel had been incompetent in failing to present any medical evidence before the WCJ. The Board may remand cases to the WCJ, however, only when the findings of the WCJ are not supported by competent evidence or when the WCJ has failed to make a finding on a crucial issue. *Bickel v. Workmen's Compensation Appeal Bd. (Williamsport Sanitary Auth.)*, 114 Pa. Cmwlth. 333, 538 A.2d 661, 662–63 (1988). Neither of these circumstances is present in this case. Therefore, the Board's denial of a remand was proper.

Claimant finally contends that, under *Bickel*,[4] *Moats v. Workmen's Compensation Appeal Bd. (Emerald Mines Corp.)*, 138 Pa.

Cmwlth. 449, 588 A.2d 116 (1991) and *Cudo v. Hallstead Foundry, Inc.*, 517 Pa. 553, 539 A.2d 792 (1988), the Board should have granted rehearing pursuant to § 426 of the Act.[5] While the authorities cited stand for the proposition that the Board has broad discretion to order rehearing where the interests of justice so require, they do not mandate rehearing every time a losing party can point to some evidence which his attorney did not introduce. Here, the Board considered claimant's request, and we do not believe that the Board abused its discretion in denying rehearing. First, the Board correctly noted that the evidence was not in any way after-discovered, but was in the possession of counsel during the proceedings before the WCJ. In addition, while the reasons of counsel for not presenting medical evidence have never been explored in the record, under the circumstances of this case, they are as readily explained as strategic decisions as negligence. At all events, this case does not present the kind of apparent manifest injustice that was evident in the cases cited, and we believe only in such extraordinary circumstances may the Board be found to have abused its discretion in denying rehearing for the presentation of additional evidence. Otherwise, piecemeal hearings prompted by the wisdom of hindsight would become the rule rather than the exception.

Based on the foregoing, we affirm the order of the Board.

### ORDER

**AND NOW**, this 6th day of February, 1998, the order of the Workers' Compensa-

---

4. In *Bickel*, the claimant's counsel repeatedly stated that he would present medical evidence, but inexplicably failed to do so, eventually indicating to the WCJ that the record could be closed. 538 A.2d at 662. After the WCJ denied benefits, the claimant appealed to the Board. The Board, treating the appeal as a request for a remand, affirmed the decision of the WCJ. The claimant then filed a petition for rehearing, which the Board denied. On appeal, this court found that a proven incompetency of counsel may constitute "cause shown" under § 426 of the Act and concluded that the Board abused its discretion in not granting a rehearing where medical evidence was not presented to the WCJ

due to the negligence of the claimant's counsel. *Id.* 538 A.2d at 663.

5. Section 426 of the Act provides, in pertinent part:

> The board, upon petition of any party and upon cause shown, may grant a rehearing of any petition upon which the board has made an award or disallowance of compensation or other order or ruling, or upon which the board has *sustained or reversed any action of a referee*....

77 P.S. § 871.

tion Appeal Board in the above captioned matter is hereby affirmed.