IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Augustine Sesay, : | |
|          Petitioner : | |
| : | No. 551 C.D. 2022 |
|    v. : | |
| : | Submitted: February 10, 2023 |
| Southeastern Pennsylvania : | |
| Transportation Authority (Workers' : | |
| Compensation Appeal Board), : | |
|          Respondent : | |

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE STACY WALLACE, Judge

***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                   FILED: January 31, 2024

In this workers' compensation appeal, Petitioner Augustine Sesay (Claimant or Sesay) petitions for review, *pro se*, of the April 21, 2022 order of the Workers' Compensation Appeal Board (Board), which affirmed the August 27, 2021 order of Workers' Compensation Judge Denise Krauss (WCJ). The WCJ (1) granted, in part, and denied, in part, Claimant's Petition to Review Compensation Benefits (Review Petition); (2) granted the Petition to Suspend Compensation Benefits (Suspension Petition) filed by Respondent Southeastern Pennsylvania Transportation Authority (Employer or SEPTA); and (3) denied Employer's Petition to Terminate Compensation Benefits (Termination Petition). In his Petition for Review (PFR) and brief, Claimant argues that (1) his counsel "suppressed" evidence of Claimant's Post-Traumatic Stress Disorder (PTSD) and failed to seek amendment of the description of Claimant's injury to include PTSD; and, relatedly, (2) the WCJ erred in finding that

Claimant could return to work in his pre-injury position with Employer. After careful review, we affirm.

## I.   FACTS AND PROCEDURAL HISTORY

The Board summarized many of the pertinent facts underlying this appeal as follows:

> Claimant sustained a work injury to his eye during the course and scope of his employment with [Employer] on May 18, 2018. On June 5, 2018, [Employer] issued a Notice of Temporary Compensation Payable (NTCP), agreeing to pay medical and indemnity benefits for an injury described as a laceration of Claimant's eye/face. The NTCP converted to a Notice of Compensation Payable (NCP) by operation of law.
>
> On November 5, 2019, [Employer] filed [the Suspension Petition], requesting [that] the WCJ suspend Claimant's benefits based on a specific job offer made by [Employer].
>
> On November 15, 2019, Claimant filed [the Review Petition], averring an incorrect NCP work-injury description. Claimant specifically sought to amend the NCP injury description to include "[t]raumatic [h]yphema, [v]itreous [d]egeneration, [m]acular [e]dema and loss of sight of the right eye."
>
> On December 10, 2019, [Employer] filed [the Termination Petition], alleging that Claimant had fully recovered from his work injuries as of October 3, 2019.

(Board Opinion (Op.), Certified Record (C.R.) Document (Doc.) 19, at 1-2.) The Suspension, Review, and Termination Petitions were consolidated for a hearing before the WCJ on February 5, 2021. At the hearing, Claimant testified on his own behalf and submitted, in addition to several medical exhibits, a transcript of his deposition taken February 28, 2020. Employer presented the deposition testimony of Dr. Kenneth S. Schindler, who conducted an independent medical examination of Claimant on October 3, 2019.

During the hearing before the WCJ, a question arose regarding whether Claimant sought to add PTSD to the description of his injury. The following exchange occurred among Claimant, Claimant's counsel (Attorney Magaldi), Employer's counsel (Attorney Wagner), and the WCJ:

> [WCJ]: Just for my edification[,] there's a Review Petition[;] what is the basis of that?
>
> Attorney Magaldi: The basis is we want to expand the diagnosis of the eye injury which I believe [Employer's Counsel] agreed to.
>
> [WCJ]: Okay. So, we're not going to discuss the PTSD in the decision then if it hasn't been alleged.
>
> [Claimant]: I did talk to my lawyer.
>
> [WCJ]: I'm talking to Mr. Magaldi.
>
> [Claimant]: I'm sorry.
>
> [WCJ]: Okay.
>
> Attorney Magaldi: Correct, Judge.
>
> . . . .
>
> Attorney Wagner: Sir, did your PTSD prevent you from looking for any work[?] Is that correct?
>
> [Claimant]: The PTSD does not prevent me, no, from looking for work, but if I'm going—the lady told me exactly—the psychiatrist told me exactly that I need to find a job within an area.
>
> . . . .

(Notes of Testimony (N.T.), February 5, 2021, at 33-34; C.R. Doc. 22.)

> By [ ] Decision and Order circulated on August 27, 2021, the WCJ granted in part and denied in part Claimant's Review Petition, granted [Employer's] Suspension Petition, and denied [Employer's] Termination Petition. The WCJ found that Claimant's work injury description should be expanded to include traumatic hyphema and macular edema, as stipulated by the parties. The WCJ determined that Claimant

3

failed to establish that he sustained vitreous degeneration and/or specific loss of use of the right eye as a result of the work incident. The WCJ concluded that Claimant was physically able to perform the pre-injury position offered by [Employer] as of November 3, 2019. The WCJ further determined that [Employer] failed to establish that Claimant fully recovered from his work injuries.

(Board Op. at 2.) In particular, the WCJ credited Claimant's testimony regarding how he sustained the injury to his eye and his ongoing subjective symptoms of eye pain and related difficulties. (WCJ Findings of Fact (FOF) 11(a).) The WCJ discredited Claimant's testimony that he was unable to return to work in his pre-injury capacity and that he had lost all vision in his injured eye because the WCJ found that Claimant's testimony was credibly rebutted by Employer's medical witness, Dr. Schindler. *Id.*

The WCJ found Dr. Schindler's testimony to be credible to the extent that he testified that Claimant suffered a traumatic hyphema and macular edema but nevertheless could return to his pre-injury position with Employer. (FOF 11(b).) The WCJ further found Dr. Schindler's testimony that Claimant was fully recovered from his injury to be not credible, chiefly because Dr. Schindler's opinions in this regard contradicted (1) Claimant's subjective, ongoing complaints of eye pain, blurriness, and vision loss in his injured eye; (2) the medical records from Claimant's treating physicians; and (3) the report of Claimant's independent medical examiner, Dr. Edward A. Deglin. *Id.* The WCJ accordingly concluded that, although Claimant suffered traumatic hyphemia and macular edema, he did not "suffer a specific loss of use of the right eye for all practical intents and purposes," "was physically capable of performing the offered pre-injury job position at his regular rate of pay as of November 3, 2019," and "was not fully recovered from the injuries related to the May 18, 2018 work incident . . . ." (FOF 11(c)-(g).)

4

Claimant appealed to the Board, arguing that he is not fully recovered from his injury and is not able to perform all of the duties of his pre-injury position. (C.R. Doc. 13.) Notably, Claimant did not challenge before the Board any of the WCJ's evidentiary findings and did not argue that his counsel suppressed evidence or was otherwise negligent or ineffective in not seeking to add PTSD to the description of Claimant's injury. *Id.* Employer also appealed to the Board, arguing that the WCJ erred in denying the Termination Petition based on the finding that Claimant was not fully recovered from his injury, which finding Employer alleged was not supported by substantial evidence. (C.R. Doc. 15.)

The Board affirmed, concluding first that the WCJ did not err or abuse her discretion in denying Employer's Termination Petition based on a finding that Employer had not established that Claimant was fully recovered from his work injury. *Id.* at 11. The Board also concluded that Claimant did not establish that his counsel's conduct in declining to present any medical evidence of Claimant's PTSD to the WCJ warranted a remand for rehearing. *Id.* at 13-14.

Claimant now appeals to this Court *pro se.*

## II.    ISSUES PRESENTED[1]

From what we can glean from Claimant's PFR and brief, he raises two issues in this appeal: (1) whether the Board erred in affirming the WCJ's finding that Claimant is capable of returning to his pre-injury position with Employer; and (2) whether Claimant was denied due process because of his counsel's "suppression" of

---

[1] Our standard of review of a Board order limits us to determining whether the necessary findings of fact are supported by substantial evidence, whether an error of law or a violation of Board procedure has occurred, or whether constitutional rights were violated. *Republic Steel Corp. v. Workmen's Comp. Appeal Board (Petrisek)*, 640 A.2d 1266, 1268 (Pa. 1994). "Substantial evidence" is "such relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Valley View Civic Association v. Zoning Board of Adjustment*, 462 A.2d 637, 640 (Pa. 1983) (citations omitted).

5

evidence that would have established that Claimant suffers from PTSD, which condition precludes his return to his pre-injury position.[2] For the sake of logical consistency, we address the issues in reverse order.

## III. DISCUSSION[3]

### A. PTSD

Regarding Claimant's contention that his counsel wrongfully "suppressed" evidence of PTSD, we address Employer's last argument first because it is dispositive. Employer argues that Claimant has waived the issues he raises on appeal because his appeal form filed with the Board is defective. We agree, in part.

Section 111.11(a) of Chapter 111 of the Special Rules of Administrative Practice and Procedure before the Board establishes the form and content requirements for appeals from a WCJ decision. 34 Pa. Code § 111.11(a). Section 111.11(a)(2) requires that an appeal contain "[a] statement of the particular grounds upon which the appeal is based, including reference to the specific findings of fact which are challenged and the errors of the law which are alleged." *Id.* It further provides that "[g]eneral allegations which do not specifically bring to the attention of the Board the issues decided are insufficient." *Id.* Failure to adequately raise issues in the Board's appeal

---

[2] Claimant at times argues that he is not "fully recovered" from his work injury. The WCJ found that Claimant was not fully recovered and, accordingly, denied Employer's Termination Petition. The Board affirmed, and Employer has not petitioned for review in this Court. Thus, whether Claimant is fully recovered is not before us. Rather, the pertinent question is whether Claimant presently is capable of returning to his pre-injury position with Employer, notwithstanding his ongoing symptoms.

[3] Claimant attaches to his PFR and brief several documents that appear nowhere in the certified record and that post-date the hearing before the WCJ. In rejecting Claimant's previous noncompliant brief, we directed him to refrain from attaching documents that were not made part of the record before the WCJ. *See* Order, 10/4/2022; *see also* Pennsylvania Rule of Appellate Procedure 1951; *B.K. v. Department of Public Welfare*, 36 A.3d 649 (Pa. Cmwlth. 2012). He once again has done so, and we once again reject their consideration in this appeal.

6

form can result in waiver. *Jonathan Sheppard Stables v. Workers' Compensation Appeal Board (Wyatt)*, 739 A.2d 1084, 1089 (Pa. Cmwlth. 1999).

In Claimant's appeal to the Board, he generally argued that he could not return to work because of ongoing symptoms in his injured eye and certain mental conditions, including PTSD. (C.R. Doc. 13.) He nowhere challenged any specific findings of fact, conclusions of law, or rulings of the WCJ and, most importantly, does not anywhere lodge a challenge to his counsel's conduct during the hearing before the WCJ. We also cannot find in the certified record any indication that he otherwise adequately raised this issue before the Board. "The law is well settled that issues not raised before the Board are waived and cannot be raised for the first time before this Court." *Myers v. Workers' Compensation Appeal Board (Family Heritage Restaurant)*, 728 A.2d 1021, 1023 (Pa. Cmwlth. 1999). Further, while the Board chose to review the question of whether Claimant's counsel erred in failing to present evidence of Claimant's PTSD, *see* Board Op. at 13-14, that does not change the fact that Claimant failed to comply with the requirements set forth in 34 Pa. Code § 111.11(a)(2). Thus, and notwithstanding the Board's analysis, we conclude that this issue is waived.

Moreover, even if this issue properly was before us, it would be without merit. The Board concluded:

> Unfortunately, the issues that Claimant appeals are of a private attorney-client nature and are not matters within [the] Board's scope to resolve. Moreover, the stipulations made by Claimant's counsel are binding on Claimant in his litigation of the case. Additionally, while . . . the Board may remand a matter for the presentation of additional evidence where the circumstances suggest that the actions of the claimant's attorney in failing to submit certain named evidence could lead to manifest injustice to the claimant, the Board is not obligated to order a rehearing every time a

7

losing party can point to some evidence which his attorney did not introduce. [*Martell v. Workers' Compensation Appeal Board (Doyle Equipment)*, 707 A.2d 242 (Pa. Cmwlth. 1998); *Bickel v.* [*Workmen's Compensation Appeal Board*] *(Williamsport Sanitary Authority)*, 538 A.2d 661 (Pa. Cmwlth. 1988).] Where counsel has medical evidence . . . during the WCJ proceedings, and the reasons for not presenting it "are as readily explained as strategic decisions as negligence," there is no basis for a rehearing or remand. [*Martell*]. Since Claimant's counsel did submit medical records on Claimant's behalf [into] the record, Claimant's counsel presumably had the opportunity to present the extent of the medical evidence . . . available[,] and in fact did so. Thus, if Claimant's arguments on appeal can be construed as Claimant alleging that his counsel failed to present necessary evidence during the litigation, it appears that this was just as likely a strategic legal decision made by counsel, in which we may not interfere.

(Board Op. at 14-15.) We would agree with the Board's assessment. Where a claimant argues that his or her counsel incompetently failed to take a certain legal course of action before a WCJ, we have analyzed the argument as one requesting rehearing pursuant to Section 426 of the Workers' Compensation Act, 77 P.S. § 871.[4] As we very recently summarized in *Finck v. Union County Commissioners (Workers' Compensation Appeal Board)* (Pa. Cmwlth., No. 1029 C.D. 2022, filed December 18, 2023):

> In summary, [*Johnson v. Workers' Compensation Appeal Board*, 321 A.2d 728 (Pa. Cmwlth. 1974)], *Bickel,* and *Martell* teach, first, that allegations of attorney incompetence are a rehearing issue under Section 426 of the Act, which requires "cause shown." 77 P.S. § 871. Our cases further reveal that for attorney incompetence to amount to "cause shown" in this context, the claimant must satisfy two

---

[4] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710. Section 426 was added by Section 6 of the Act of June 26, 1919, P.L. 642.

elements: (i) objective incompetence on the part of counsel, *Johnson*, and (ii) manifest injustice to the claimant flowing from that objective incompetence, *Bickel, Martell*.

*Id.*, slip op. at 13-14. Absent this exacting standard, "piecemeal hearings prompted by the wisdom of hindsight would become the rule rather than the exception." *Martell*, 707 A.2d at 244.

Here, there is no evidence in the record that would establish either objective incompetence or manifest injustice. First, the record is clear that Claimant's counsel presented a substantial amount of competent medical evidence before the WCJ and, in fact, succeeded in both amending the description of Claimant's injury and defeating Employer's Termination Petition. The record reveals that Claimant's counsel was active and engaged in the proceedings before the WCJ and manifested no objective signs of incompetence or indolence. Merely because counsel, with full knowledge of Claimant's alleged PTSD and the medical records and testimony from Claimant's physicians, elected not to seek to add PTSD to the description of Claimant's compensable injury is insufficient in itself to establish that counsel's decision was born of incompetence and not reasonable legal strategy.

Second, Claimant did not suffer manifest injustice from Counsel's decision, chiefly because the admission of such evidence would not necessarily have changed the WCJ's decision. The WCJ found that Claimant had not fully recovered from his work injury but, nevertheless, could return to his pre-injury position. (FOF 11(f), (g).) Although the WCJ did not consider any medical evidence of PTSD, she nevertheless received and acknowledged Claimant's testimony regarding the reasons that he could not return to his pre-injury position, which included his belief that he suffered from PTSD. (FOF 3(i).) The WCJ further acknowledged Claimant's testimony that, when he attempted to return to his pre-injury job, he could only work

9

for approximately one hour and had to leave because of traumatic flashbacks and a panic attack. (FOF 3(j).) Thus, the WCJ heard and considered Claimant's testimony and nevertheless concluded that he could return to his pre-injury position with Employer. Counsel's decision to not introduce additional evidence, medical or otherwise, of Claimant's alleged PTSD thus resulted in no manifest injustice, particularly given Claimant's own testimony that his alleged PTSD does not prevent him from seeking work.

In sum, although this issue is waived, we nevertheless would affirm the Board if it properly was before us.

## B. Suspension Petition

Section 413(a) of the WC Act authorizes a WCJ to modify a claimant's WC benefits if the employer proves that "the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased . . .." 77 P.S. § 772. Pursuant to Section 413(a), "when an employer seeks to modify a claimant's benefits by a reduction, suspension, or termination of such benefits, the employer must first come forward with medical evidence of a change in the claimant's physical condition that correspondingly establishes a change in the claimant's 'disability[,]'" which means the loss of earning power. *Phoenixville Hospital v. Workers' Compensation Appeal Board (Shoap)*, 81 A.3d 830, 841 (Pa. 2013). An employer seeking to suspend an employee's workers' compensation benefits based on the employee's ability to return to work must establish with medical evidence that the employee is capable of returning to work and that the employer has presented a job offer within the employee's capabilities. *Dixon v. Workers' Compensation Appeal Board (Medrad, Inc.)*, 134 A.3d 518, 521-22 (Pa. Cmwlth. 2016) (citations and quotations omitted). Once the employer has carried its burden, the burden of proof shifts to the claimant to demonstrate that he

10

or she responded to the offer in good faith; if good faith is not exercised, benefits may be modified. *Id.* at 522.

Here, there is no dispute that Employer offered Claimant his pre-injury position. The only remaining disputed question is whether the position was within Claimant's medical capabilities. Claimant argues that the WCJ erred in finding that Claimant could return to his pre-injury job with Employer because his mental conditions, chiefly his PTSD, are preventing him from returning to work. Claimant reiterates that he tried to return to work in 2019, but had to leave because he had a panic attack caused by flashbacks of his prior work incident and fear that his other eye could be injured. (Claimant's Br. at 2.) Although Claimant at times notes that he has ongoing pain and partial blindness in his injured eye, he does not argue in this Court that those ongoing symptoms prevent him from returning to work. Thus, because PTSD was not added to Claimant's injury description, it cannot serve as a valid ground to challenge the WCJ's finding that Claimant can return to work. We accordingly find this issue to be without merit.[5]

---

[5] To the extent that Claimant does or could argue that the ongoing physical limitations in his injured eye preclude him from returning to work, the WCJ made extensive findings regarding the credibility of both Claimant's and Employer's medical experts. Based on those findings, the WCJ concluded that the medical evidence indicates that Claimant's ongoing physical limitations do not preclude him from returning to his pre-injury position. (FOF 11(a), (b), (f).) The WCJ's findings are based on substantial evidence, namely, Dr. Schindler's testimony, which the WCJ found to be credible. "[T]he WCJ is the ultimate finder of fact and the exclusive arbiter of credibility and evidentiary weight," *Thompson v. Workers' Compensation Appeal Board (USF&G Co.)*, 781 A.2d 1146, 1150 (Pa. 2001), and "[t]he WCJ, therefore, is free to accept or reject, in whole or in part, the testimony of any witness, including medical witnesses." *Griffiths v. Workers' Compensation Appeal Board (Red Lobster),* 760 A.2d 72, 76 (Pa. Cmwlth. 2000). Here, because the WCJ's findings regarding Dr. Schindler's testimony are supported by substantial evidence, they will not be disturbed on appeal.

## IV. CONCLUSION

Having concluded that Claimant's issues on appeal are either waived or without merit and that the WCJ did not err or abuse her discretion in issuing her Decision and Order, we affirm the Board.

_____
PATRICIA A. McCULLOUGH, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Augustine Sesay,        :
       Petitioner    :
            :   No.  551 C.D. 2022
     v.         :
            :
Southeastern Pennsylvania   :
Transportation Authority (Workers'  :
Compensation Appeal Board)   :
       Respondent   :

## ***ORDER***

    AND NOW, this 31ˢᵗ day of January, 2024, the April 21, 2022 order of the Workers' Compensation Appeal Board hereby is AFFIRMED.

           _____
           PATRICIA A. McCULLOUGH, Judge