IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kathryn Ginaldi,       :
     Petitioner   :
              :
   v.        :
              :
Pennsylvania School for the Deaf  :
(Workers' Compensation Appeal   :
Board),          :  No. 1491 C.D. 2023
     Respondent  :  Submitted: November 7, 2024

BEFORE:  HONORABLE ANNE E. COVEY, Judge
     HONORABLE CHRISTINE FIZZANO CANNON, Judge
     HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY         FILED: January 30, 2025

    Kathryn Ginaldi (Claimant) petitions this Court for review of the Workers' Compensation (WC) Appeal Board's (Board) November 28, 2023 order denying her Motion to Remand to the WC Judge (WCJ) (Remand Motion) and affirming the WCJ's decision. The WCJ denied and dismissed Claimant's January 6, 2021 petition for review of WC benefits (Review Petition I),[1] granted in part Claimant's August 3, 2020 petition for review of WC benefits (Review Petition II),[2] granted the Pennsylvania School for the Deaf's (Employer) petition to terminate WC

---

[1] In Review Petition I, Claimant alleged that she sustained injuries in the nature of post-concussion syndrome and traumatic headaches as a result of her May 29, 2019 work-related injury.

[2] In Review Petition II, Claimant alleged that she sustained injuries to her neck, shoulder, and low back. The WCJ determined that Claimant sustained injuries including strains, sprains, and contusions to her neck, right shoulder, low back, and lower extremities as a result of her May 29, 2019 work-related injury.

benefits (Termination Petition), and directed Employer to pay Claimant's litigation costs as Claimant was partially successful in the litigation.[3]  Claimant presents three issues for this Court's review: (1) whether the Board erred by not remanding the case for additional evidence; (2) whether substantial evidence supported the WCJ's decision granting the Termination Petition; and (3) whether Claimant's former attorney erred by misrepresenting the record to the WCJ.  After review, this Court affirms.

Claimant sustained a work-related injury on May 29, 2019.  On June 11, 2019, Employer issued a Notice of Compensation Payable (NCP) describing Claimant's injury as a strain or tear of the skull.  On August 3, 2020, Claimant filed Review Petition I, alleging therein that the NCP's injury description was materially incorrect in that it failed to recognize injuries to Claimant's neck, shoulders, and low back.  On January 6, 2021, Claimant filed Review Petition II, alleging therein that the NCP's injury description should be amended to include post-concussion syndrome and traumatic headaches.  On March 25, 2021, Employer filed the Termination Petition, alleging therein that Claimant was fully recovered from her work injury as of July 23, 2020.

The WCJ conducted hearings on September 9 and December 14, 2020, and April 14 and June 16, 2021.  On January 28, 2022, the WCJ denied and dismissed Claimant's Review Petition I, granted in part Claimant's Review Petition II, granted Employer's Termination Petition, and directed Employer to pay Claimant's litigation costs.  Claimant and Employer appealed to the Board.  On June 28, 2023, Claimant filed the Remand Motion with the Board seeking further record

---

[3] The WCJ further declared that Employer shall not be responsible for the payment of the deposition fee or deposition transcript of Steven Mazlin, M.D. since the WCJ rejected his testimony and denied Review Petition I, which relied on his testimony.

2

development. On November 28, 2023, the Board denied Claimant's Remand Motion and affirmed the WCJ's decision. Claimant appealed to this Court.[4]

Claimant first argues that the Board erred by not remanding the case for additional evidence because the Certified Record is incomplete. Specifically, Claimant contends that her former attorney did not produce relevant evidence and that she was entitled to a remand in the interest of justice for her new attorney to do so.[5] Employer rejoins that there is no factual basis for the allegation that the Certified Record is incomplete. Employer further asserts that Claimant's new attorney has repeatedly argued that Claimant's former attorney should have taken a different approach by introducing different or additional evidence; however, Employer retorts that there is no statutory or other legal authority supporting the relief sought. Employer maintains that Claimant is not legally entitled to a second bite at the apple to present evidence that was available at the time of the WCJ hearings.

Section 426 of the WC Act (Act)[6] provides, in relevant part:

> The [B]oard, upon petition of any party and **upon cause shown**, may grant a rehearing of any petition upon which the [B]oard has made an award or disallowance of compensation or other order or ruling, or upon which the [B]oard has sustained or reversed any action of a [WCJ][.]

77 P.S. § 871 (emphasis added).

---

[4] "[This Court's] review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed[,] or whether constitutional rights were violated." *DiLaqua v. City of Phila. Fire Dep't (Workers' Comp. Appeal Bd.)*, 268 A.3d 1, 4 n.5 (Pa. Cmwlth. 2021) (quoting *Bristol Borough v. Workers' Comp. Appeal Bd. (Burnett)*, 206 A.3d 585, 595 n.6 (Pa. Cmwlth. 2019)).

[5] Claimant was represented by her former attorney before the WCJ. New counsel briefed and argued the matter to the Board and continued to represent Claimant throughout the appeal to this Court.

[6] Act of June 2, 1915, P.L. 736, *as amended*, added by Section 6 of the Act of June 26, 1919, P.L. 642, 77 P.S. § 871.

The law is well established that

> the Board must grant rehearing to develop a full and complete record when justice requires. *Cudo v. Hallstead Foundry, Inc.*, . . . 539 A.2d 792 ([Pa.] 1988). This Court has determined that the Board did not abuse its discretion in granting rehearing where a party has been denied an opportunity to present his or her case, or to "correct a mistake of law or its misapprehension of an issue." *Babcock & Wilcox Constr. Co., Inc. v. St. John*, . . . 408 A.2d 915, 916 ([Pa. Cmwlth.] 1979).

*Izzi v. Workmen's Comp. Appeal Bd. (Century Graphics)*, 654 A.2d 176, 179 (Pa. Cmwlth. 1995). However, "[w]hile . . . the Board has broad discretion to order rehearing where the interests of justice so require, the[] [Act] do[es] not mandate rehearing every time a losing party can point to some evidence which his attorney did not introduce." *Martell v. Workers' Comp. Appeal Bd. (Doyle Equip.)*, 707 A.2d 242, 244 (Pa. Cmwlth. 1998). Where counsel has medical evidence during the WCJ proceedings, and the reasons for not presenting it "are as readily explained as strategic decisions as negligence," there is no basis for a rehearing or remand. *Id*.

Here, Claimant's former attorney presented Claimant who testified at the April 14, 2021 WCJ hearing, as well as by deposition taken on October 14, 2020. *See* Certified Record (C.R.) at 164-207, 226-273.[7] Claimant's former attorney also presented the deposition testimony of Uplekh Purewal, M.D. (Dr. Purewal), and Steven Mazlin, M.D. (Dr. Mazlin).[8] *See* C.R. at 269-324, 396. Claimant's new attorney claims that her former attorney should have presented the testimony of Dr. Neft, Dr. Mehnert, Dr. Bennett,[9] and updated testimony from Dr. Mazlin. In other

---

[7] Because the Certified Record's pages are not numbered, the page numbers referenced herein reflect electronic pagination.

[8] Employer presented the deposition testimony of James Gopez, M.D. and John Duda, M.D.

[9] The record does not contain the first names of Drs. Neft, Mehnert, and Bennett.

words, her new attorney asserted that six medical depositions should have been presented in support of Claimant's case before the WCJ instead of two.

Ultimately,

> a WCJ is required to make credibility and evidentiary determinations, to make findings as to the facts underlying the matter, and to determine whether a claimant has met the burden of proving entitlement to compensation, and with regard to these findings and determinations, "the WCJ is the ultimate finder of fact and the exclusive arbiter of credibility and evidentiary weight." *Thompson v. Workers' Comp. Appeal Bd. (USF&G Co.)*, . . . 781 A.2d 1146, 1150 ([Pa.] 2001).

> *Dep't of Corr. - SCI Chester v. Faison (Workers' Comp. Appeal Bd.)*, 266 A.3d 714, 730 (Pa. Cmwlth. 2021).

*City of Phila. v. Healy (Workers' Comp. Appeal Bd.)*, 297 A.3d 872, 880 (Pa. Cmwlth. 2023).

Relative to Claimant's credibility, the WCJ determined:

13. Th[e] [WCJ] had the opportunity to observe Claimant during her testimony and finds her testimony credible in part. **Her testimony is credible regarding the occurrence of the May 29**, **2019 work injury and her subsequent treatment**; **she sustained injuries to her head**, **neck**, **and back as a result of a 2018 motor vehicle accident for which she was still treating leading up to the work injury**; **and she was involved in a motor vehicle accident in Jan**[uary] **of 2019**. **Her testimony is not credible that as of May 29**, **2019**, **she was back to full**[-]**time**, **full**[-]**duty work**. Her testimony in that regard is contrary to the records of Dr. Mehnert, which indicate she was released to return to work with restrictions, she reported numerous symptoms to Dr. Mehnert in April and May of 2019, and Dr. Mehnert ordered a lumbar [magnetic resonance imaging (]MRI[)] in April of 2019. **Her testimony is not credible that her neck and back symptoms increased significantly after the May 29**, **2019 work injury**. [] [James] Gopez[, M.D.

5

(Dr. Gopez)] credibly testified that the office visits with Dr. Mehnert on May 10, 2019 and July 19, 2019[,] were essentially identical based on his review of the records. **Her testimony is not credible that she sustained a concussion or post-concussion syndrome as a result of the work injury**. Th[e] [WCJ] finds it significant that the brain MRI was normal; she did not lose consciousness as a result of the work injury; and she developed headaches as a result of the motor vehicle accidents. **Th[e] [WCJ] finds it significant that during cross-examination during her deposition testimony and cross-examination during her hearing testimony, Claimant did not respond to many questions, appeared to not understand many of the questions, and appeared somewhat evasive when answering questions. Dr. Mazlin noted Claimant was evasive during his questioning about her prior treatment. Claimant did not provide Dr. Mazlin, [] [John] Duda[, M.D. (Dr. Duda)], or Dr. Gopez with a complete and accurate medical history**. Regarding the nature and extent of the work injury, th[e] [WCJ] finds it significant that Claimant testified that immediately after the work injury she was "dazed[,]"[] "disoriented[,]"[] "everything hurt[,]"[] and she "couldn't move[,]"[] but she did not go to the emergency room following the incident and underwent her first medical treatment two days after the work injury.

C.R. at 68 (emphasis added).

Concerning Dr. Purewal's credibility, the WCJ determined:

14. The testimony of Dr. Purewal is credible in part. His testimony is credible that he began treating Claimant on November 18, 2019[,] and has continued to treat her. His testimony is credible that Claimant sustained cervical and low back pain as a result of the work-related injury. **Regarding the right shoulder, his testimony is not credible that Claimant sustained anything beyond a right shoulder strain/sprain/contusion, since he has not been treating the shoulder and he testified the right shoulder MRI raised a "possibility" of a labral tear. His testimony is not credible that Claimant sustained additional injuries; the spinal cord stimulator implantations are related to the work-related injury; Claimant has not fully recovered from the work injury;**

6

**the July 10, 2019 lumbar spine MRI revealed a disc herniation at L5-S1**; **and Claimant had increased findings on the 2019 cervical spine MRI**. Th[e] [WCJ] finds it significant that, while Dr. Purewal reviewed the 2019 MRI films, he only reviewed the 2018 MRI reports. He agreed there is pathology in the 2018 MRIs that could result in cervical and lumbar pain. He agreed Claimant treated with Dr. Mehnert from March of 2018 up through the work-related injury and thereafter. **He did not review the pre-injury records of the Rothman Institute/Dr. Mehnert until the weekend before his deposition testimony**.

C.R. at 68-69 (emphasis added).

Finally, regarding Dr. Mazlin's credibility, the WCJ determined:

15. **The testimony of Dr. Mazlin is not credible that Claimant sustained a concussion resulting in headaches and post-traumatic cognitive issues as a result of the work-related injury that have not resolved**. In so finding, th[e] [WCJ] finds it significant that Dr. Mazlin agreed he relied on Claimant's subjective complaints. He agreed Claimant did not lose consciousness and did not require emergency room treatment. The brain MRI was normal. He did not document that Claimant wore sunglasses when he saw her despite her alleged symptoms. Dr. Mazlin reviewed no medical records from the 2018 motor vehicle accident. Because he reviewed no medical records, he was not aware she complained of increased headaches in April and May of 2019[,] prior to the work injury. He agreed the neurological examination was normal with respect to the head. He opined Claimant had not returned to baseline in October 2019 just based on the history Claimant provided. He agreed some of the cognitive symptoms described by Claimant could be a result of side effects of Claimant taking different medications, and both he and Dr. Purewal are prescribing various medications. He agreed all of his visits with Claimant since March of 2020 have been telemedicine visits[,] and he has not performed a repeat physical examination since March of 2020.

C.R. at 69 (emphasis added).

7

Given the WCJ's above credibility determinations, it was not the lack of medical expert depositions that affected the WCJ's decision but, rather, the fact that the WCJ did not believe Claimant that, as of May 29, 2019, she was back to full-time, full-duty work, that her neck and back symptoms increased significantly after the May 29, 2019 work injury, and that she sustained a concussion or post-concussion syndrome as a result of the work injury.

> Claimant failed to establish her [former attorney]'s failure to submit certain evidence created "manifest injustice," deprived her of the only means to meet her burden of proof, or otherwise rose to the level of "just cause" necessary to merit a rehearing. *See Bickel v. Workmen's Comp. Appeal Bd. (Williamsport Sanitary Auth.)*, 538 A.2d 661 (Pa. Cmwlth. 1988). Claimant testified "live" by videoconference to the WCJ and by a submitted deposition. She testified about her injury, pain, current abilities, and medical treatments. Ultimately, the WCJ did not find Claimant credible and found [Drs. Gopez and Duda] credible.[10] The WCJ is the ultimate arbiter of credibility and the WCJ's findings were supported by substantial evidence in the record.

*Tarawallie v. Magee Mem'l Hosp. for Convalescents (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth. No. 717 C.D. 2023, filed July 22, 2024), slip op. at 6.[11] Accordingly, the Board did not err by not remanding the case to the WCJ.

Claimant next argues that substantial evidence did not support the WCJ's decision granting the Termination Petition.

> "To succeed in a termination petition, the employer bears the burden of proving that the claimant's disability has ceased or that any current disability is unrelated to the

---

[10] *See* C.R. at 69-70.

[11] Unreported decisions of this Court issued after January 15, 2008, may be cited for their persuasive value but not as binding precedent. *See* Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a). *Tarawallie* is cited for its persuasive value.

claimant's work injury." *Gillyard v. Workers' Comp. Appeal Bd. (Pa. Liquor Control Bd.)*, 865 A.2d 991, 995 (Pa. Cmwlth. 2005). "An employer may satisfy this burden by presenting unequivocal and competent medical evidence of the claimant's full recovery from [the] work-related injur[y]." *Westmoreland Cnty. v. Workers' Comp. Appeal Bd. (Fuller)*, 942 A.2d 213, 217 (Pa. Cmwlth. 2008).

*Wolfe v. Martellas Pharmacy (Workers' Comp. Appeal Bd.)*, 281 A.3d 1129, 1139 (Pa. Cmwlth. 2022).

Here, Dr. Duda testified:

Q. So then, Doctor, following your review of the medical history, the records you reviewed, and your own physical examination, were you able to reach an opinion with[in] a medical degree of certainty?

A. Yes. My impression was that she might, indeed, have sustained multiple sprains, strains and contusions to her musculoskeletal system including her neck, upper extremities, back, and lower extremities as a consequence of the event of May 29[,] [] 2019.

Sprains or strains or stretch injuries of soft tissues - they have a remarkable capacity to resolve spontaneously with or without medical attention. Even the most severe forms usually heal completely without sequ[a]lae within three months. Contusions or bruises - they are also self-resolving with or without attention.

I noted that, on examination, she was [sic] presented with no orthopedic clinical evidence of any sprain, strain, or contusion of any body part which she described being injured and **it was**, **therefore**, **my opinion that any and all injuries that she might have sustained as a consequence of the incident of** [**May**] **29**[, **20**]**19**[,] **were**, **at the time of my evaluation**, **fully resolved and healed**. They required no further treatment. There would be no reason to impose any physical restrictions based upon fully healed and resolved injuries.

C.R. at 533-34 (emphasis added).

9

The WCJ found "[t]he testimony of Dr. Duda [] credible." C.R. at 69. Dr. Duda's testimony is "unequivocal and competent medical evidence of [] [C]laimant's full recovery from [the] work-related injur[y]." *Wolfe*, 281 A.3d at 1139 (quoting *Westmoreland Cnty.*, 942 A.2d at 217). Accordingly, substantial evidence supported the WCJ's decision granting the Termination Petition.

Lastly, Claimant argues that Claimant's former attorney erred by misrepresenting the record to the WCJ. However, a review of the WCJ's decision confirms that she was keenly aware of Claimant's medical condition, both before and after the work injury at issue. Four medical experts addressed it. The WCJ, acting as the "arbiter of credibility and evidentiary weight[,]" *Healy*, 297 A.3d at 880 (quoting *Faison*, 266 A.3d at 730), simply did not believe that the work injury at issue was anywhere near as significant as Claimant alleged and/or was responsible for any of Claimant's continued complaints. Accordingly, any error committed by Claimant's former attorney was inconsequential.

For all of the above reasons, the Board's order is affirmed.

_____
ANNE E. COVEY, Judge

Judges McCullough and Dumas did not participate in the decision in this matter.

10

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kathryn Ginaldi,             :
         Petitioner      :
                          :
       v.                  :
                          :
Pennsylvania School for the Deaf  :
(Workers' Compensation Appeal   :
Board),                   :   No. 1491 C.D. 2023
         Respondent     :

## O R D E R

AND NOW, this 30th day of January, 2025, the Workers' Compensation Appeal Board's November 28, 2023 order is affirmed.


_____
ANNE E. COVEY, Judge